Levi Beaman *v.* Board of Police of Leake County.

———— •◦• ————

## LEVI BEAMAN *v.* BOARD OF POLICE OF LEAKE COUNTY.

1. BOARDS OF POLICE : JUDGMENTS OF, WHEN CONCLUSIVE.—The Boards of Police are for certain purposes courts, and in all matters of a judicial nature their judgments are final and conclusive, unless appealed from, or a rehearing be granted according to law.   3 S. & M. 529;  9 ib. 90.

2. SAME : ORDER DIRECTING ISSUANCE OF WARRANT NOT JUDICIAL ACT : CONSIDERATION MAY BE IMPEACHED. — An order of the Board of Police, directing the issuance of a warrant on the treasurer for a loan of money to the county, is not a judicial act, and the validity of the order may be inquired

into in a collateral proceeding, and the consideration of such warrant impeached.

3. SAME: POWER TO BORROW MONEY. — The Boards of Police, unless specially authorized by an act of the legislature, have no power to borrow money on the faith and credit of their respective counties.

4. SAME : PARTY DEALING WITH, MUST SEE THAT IT COMPLIES WITH THE LAW. — A party dealing with Boards of Police is charged with full knowledge of their rights, duties, and powers, and it is incumbent upon him to look to it that the transaction conforms to the requirements of the law. otherwise the Board will not be bound.

5. SAME: CASE IN JUDGMENT. — B. loaned to the Board of Police of Leake county $4000, under the Act of December 2d, 1862, entitled "An Act to better provide for the families of soldiers." The Board, for the loan, issued its warrant, properly signed, but did not state on its face the object for which issued, nor upon what fund drawn. *Held* — That the Board did not comply with the act which authorized the loan, and were not bound thereby, and that B. was charged with full notice of such non-compliance.

6. SAME: REMEDY FOR CLAIMS AGAINST THE COUNTY. — For a claim against a county which the Board of Police may refuse to allow, suit may be brought in any court having jurisdiction, and in the event of recovery, the Board shall allow the same, and issue its warrant as in other cases. Rev. Code, 419, art. 37.

7. MANDAMUS: RETURN ABSOLUTELY TRUE: COURT CANNOT INQUIRE AS TO DISPUTED FACTS.—The answer or return to the alternative writ of mandamus must be accepted as absolutely true ; if untrue, the aggrieved party is left to his remedy for a false return. It is not competent for the court to enter into an inquiry as to disputed facts.

8. SAME: WHEN THE APPROPRIATE REMEDY. — The writ of mandamus is the appropriate remedy for compelling public officers and tribunals to perform the duties required of them by law, where no other legal remedy exists, and the right to be enforced is certain and positive.

ERROR to the Circuit Court of Leake county. Hon. J. A. P. Campbell, judge.

The proceeding in the court below was founded upon the petition of plaintiff in error. The petition states that in 1864 the defendant in error issued to plaintiff in error its warrant for $4000. that the same is due and unpaid, that no provision for its payment had been made, and that defendant in error had refused to pay or provide for its payment. The petition asks that the President of the Board of Police of Leake county " be cited, by notice or summons and rule from the Circuit Clerk's

office, to appear at the next Circuit Court, and show cause why said warrant should not be paid, and a peremptory mandamus should not be granted." The Circuit judge ordered the notice to issue as prayed for.

At the next term of the court defendant in error answered: " That the warrant was given for the loan of Confederate money, which was borrowed for the purpose of purchasing supplies for the families of soldiers ; that payment in Confederate money was contemplated, and that the loan was made in aid of the rebellion."

Upon the answer being filed, plaintiff in error moved for a peremptory mandamus, which was refused, and the petition dismissed. From this judgment a writ of error to this court.

*Hudson & Nye*, for plaintiff in error, submitted the following :

A *mandamus* is a *suit* within the meaning of the Constitution. *Weston* v. *City of Charleston*, 2 Pet. Rep. 449 ; *Holmes* v. *Jemminson*, 14 ib. 564; 1 Kent's Com. 321, and note 6 ; *Kentucky* v. *Ohio*, 24 How. U. S. S. C. Rep. 66. The Circuit Court has authority to grant writs of mandamus. *Nichols* v. *Comptroller*, 4 S. & P. (Ala.) Rep. 155. A mandamus lies to the comptroller of public accounts to compel the issuance of warrants on the treasury. The general rule, that a mandamus will not be allowed where the party has another remedy, must be understood to refer to some specific remedy which will place the party in *statu quo*. *Etheridge* v. *Hull*, 7 P. (Ala.) Rep. 47 ; *Jones, ex parte*, 1 Ala. Rep. 15.

A peremptory writ will not be issued in the first instance on petition, but only a rule on defendant (as in this case) to show cause why the writ should not be issued. 2 Ala. Rep. 19.

A mandamus is the proper remedy to compel a Board of Police to levy a tax for the payment of its warrants. 28 Miss. Rep. 38; 9 S. & M. 77 ; *Madison Court* v. *Alexander*, Walker's Rep. 523.

A mandamus is addressed to the sound legal discretion of

the court. *Ross* v. *Lane*, 3 S. & M. 695 ; *Davis* v. *Prior*, 6 S. & M. 114; 3 S. & M. 529.

The judgment of the Police Court auditing and allowing a claim against the county, is *final* and *conclusive*, until vacated on appeal. 3 S. & M. 592, 695 ; 19 Wend. 60 ; 12 Pet. 527 ; ib. 412; 12 Ohio, 58 ; 3 S. & M. 547. Mandamus will lie to compel a municipal corporation to levy and collect taxes. 4 Wallace U. S. S. C. Rep. 535.

A claim against county officers cannot be impeached collaterally. *Supervisors* v. *U. S. ex relatione*, 4 Wal. U. S. S. C. Rep.

The authorities above cited are believed to dispose of every question involved in this case favorable to the plaintiff, with the exception of some technical points of minor importance. The *order*, from which the warrant in this case emanated, is in strict and literal compliance with the requirements of art. 32, Rev. Code, 419. The terms *order* and *warrant* are synonymous. The Board clearly so considered them. The literal and legal meaning of the two words are about the same.

The answer of defendant does not pretend that Leake county scrip and Leake county warrants are not the same. The last and only remaining question is the power of Leake county to borrow and raise money upon her warrants. There can be no doubt on the subject. The law is express. See Pamphlet Acts of 1863–4, p. 119, § 12, approved December 2, 1863 ; and that this act is valid, see *Hill et al.* v. *Boyland et al.*, 40 Miss. 618, as to the legislation of the State during the late war.

*Wiley P. Harris* for plaintiff in error.

An order of allowance of a claim or demand against the county by the Board of Police is a judicial sentence, final as to the county. The action can only be revised by the Circuit Court in cases in which an appeal lies, and this is not one.

Nor can a subsequent Board of Police revoke the definite sentence of a former one which establishes a claim against the county. A judicial proceeding cannot be assailed by a collateral proceeding.

To maintain that the maintenance of destitute families of soldiers, carried by *conscription* into the rebellion, was an illegal act, would unsettle all the conservative rules by which the certainty and stability of legal judgments are upheld.

As to the rebellion itself, it is admitted, and has been sufficiently declared, to be treason. But acts of humanity and charity are not treasonable or illegal, but are encouraged by all law, human and divine.

Therefore the several laws which authorized Boards of Police to levy taxes, etc., to help those who were left helpless by the rigors of war and powers of conscription, were not in furtherance and support of the war, but were designed to alleviate the suffering condition of its helpless and innocent victims. For could such be true, then the planting of corn would also have been treasonable, for the " staff of life " was the mainstay and support of the Confederates.

The Act of 1863 makes provision for the *indigent* families, etc., and not for all families of soldiers.

In the case at bar, the money was loaned to feed non-combatants. The only question is, was it of *any value ?* The return does not state that it was depreciated, or that it did not answer the purpose for which it was obtained.

*J. Niles*, for defendant in error, argued as follows:

The warrant in this case was not issued upon the condition and allowance of a claim, under the provision of the Code, art. 32, p. 419 ; but was a mere security for the loan of money, under the Act of Dec. 2, 1863. So it is merely a security for a loan. It differs from an ordinary warrant in this: that it was given to secure a loan, authorized by a special act of the legislature ; that it was countersigned by the President of the Board ; that there is required to be kept of it a separate account by both the treasurer and clerk of the Board of Police ; that it has a personal surety upon it ; and though payable at sight, bears eight per cent interest, showing that immediate payment was not contemplated.

The record does not show that the seal was affixed. It is a

16

mere evidence of debt, and consequently the legality of the consideration can be inquired into. It was given for an illegal purpose—to aid the rebellion against the Government of the United States. The Act of Dec. 2, 1863, was essentially a war measure. Only the families of *soldiers* were admitted to the benefits of this act. But if it were conceded the loan was for a lawful purpose, still we have the benefit of the ordinance passed by the Convention of August, 1865, for it is admitted that the parties did not contemplate payment in specie, but in other currency. The mandamus was very properly refused, because "the court could not enter into an inquiry to ascertain the facts, and settle unsettled matters." 9 S. & M. 90; *vide Ordinance of Convention,* p. 41. Plaintiff had his remedy by action at law in the Circuit Court. Rev. Code, 419. To be entitled to this writ he must have had a clear legal right, with no specific remedy for its enforcement. 40 Miss. 290; Bacon's Abrid., vol. vi. 431.

Had a bond been executed instead of the warrant, it would not be pretended that a mandamus would lie to enforce payment. The remedy would be a suit in the Circuit Court. If, then, we can go behind the warrant, and inquire into the circumstances under which it was issued, it follows conclusively that the writ of mandamus will not lie.

JEFFORDS, J., delivered the opinion of the court.

This was an application for a writ of mandamus to the Circuit Court of Leake county. The petition alleges, that at a regular term of the court of police of said county, held on the first Monday and 4th day of January, 1864, the said court made and entered on the minutes thereof an order and allowance in favor of petitioner for the sum of four thousand dollars, upon which the clerk of said court issued a warrant to petitioner according to the statute in such case made and provided, signed by him officially, with the seal of said court affixed, said warrant being numbered 370, and dated January 4th, 1864; by which warrant the court ordered, adjudged, and directed that the treasurer of said county pay to Levi Beaman the sum of

four thousand dollars, being the amount allowed by the Board of Police, for money loaned the county of Leake, with eight per cent interest, and which said warrant was countersigned by the President of the Board and court, and by R. A. Harris, security, and was recorded by Joseph D. Eads, treasurer; that the warrant is wholly unpaid, both principal and interest; that the treasurer of said county declines and refuses to pay said warrant or any part thereof, and as he is informed and believes, is so ordered and directed by the Board of Police of said county; that they have wrongfully confederated, and are acting in concert to defeat and deprive petitioner of his rights, and avoid the present and ultimate payment of said warrant to petitioner; that the Board of Police have failed and refused, and still fail and refuse, to make any provision, by levy of a tax or otherwise, to pay said warrant or any part thereof, although it is their legal duty and power to make such provision, and has been their legal duty and power ever since said warrant was issued, but positively repudiate said debt, and refuse to recognize, pay, or provide for the same in any way, although the same has been requested and demanded of them.

The petition concludes with a prayer that Charles H. Matlock, President of the Board of Police, and H. H. Howard, treasurer of the county of Leake, may be cited to appear before the Circuit Court of said county on the third Monday of February, 1867, to show cause why said warrant should not be paid, and why a peremptory mandamus should not be granted against them for the payment of the same, and to make provision speedily and amply for its payment, and have levy upon and sale of the property of said county for its payment. The petition is sworn to in due form. The following is a copy of the warrant referred to in the petition:

"*Warrant.*   $4000.   State of Mississippi, No. 370.
   By the Board of Police.
         To the Treasurer of Leake county.
"Pay to Levi Beaman or bearer four thousand dollars and no cents, being the amount allowed by the Board of Police on

the first Monday and 4th day of January, 1864, for money loaned the county, with eight per cent interest, and for so doing this shall be your warrant. Given under my hand and seal of office, this 4th day of January, A.D. 1864.

"John B. Grigsby, *Clerk.*

(Countersigned)    C. C. Allen, *President.*

R. A. Harris, *Security.*

"Recorded.    Jos. D. Eads, *Treasurer."*

The fiat was granted on the 9th day of February, 1867, directing the issuance of process as prayed for, returnable at the February Term, 1867, of the Circuit Court for Leake county. The alternative writ of mandamus was issued on the 12th day of February. On the 23d day of February, Chas. H. Matlock, President of the Board of Police, filed his return and answer to the alternative writ.

The answer sets up that on the first Monday and 4th day of January, 1864, the Board of Police made the following order, which was entered on the Minutes of the Board:

"Ordered on motion, that county scrip to the amount of $4000 be issued in favor of Levi Beaman, in lieu of other money, and that said scrip bear eight per cent interest." That respondent believes that the warrant referred to in the relator's petition was issued on this order; that the loan of money mentioned in said warrant was a loan of Confederate money, as respondent is informed and believes, and was made to said county (if at all) for the purpose of purchasing supplies or provisions for the families of soldiers then in the military service of the Confederate States of America. Respondent admits that said warrant is unpaid, as he is informed and believes; and that no levy of taxes upon said county has ever been made for the payment of said warrant; alleges that said warrant was illegally issued; that the money alleged to have been loaned to said county by the relator was loaned (if loaned at all) to be used in aid of the late rebellion against the United States of America, and that the illegal purpose for which said money was to be used, when loaned, was fully known to the relator; that said warrant

was contemplated, by the parties thereto, to be paid in other currency than specie; and that relator is not equitably entitled to demand or recover in any event a larger sum than the actual value of the Confederate money which the relator may have loaned the county of Leake.

Upon this petition and answer the Circuit Court refused the motion for a peremptory mandamus, and dismissed the petition, to reverse which this writ of error is prosecuted.

The first question presented for our consideration is, whether the action of the Board of Police, directing the issuance of the warrant referred to, is such an order, judgment, or decision of the Board of Police as will preclude all inquiry into the same in this mode of procedure. It has been held by this court that for certain purposes the Boards of Police are courts, and their judgments final and conclusive, unless appealed from, or a rehearing be granted according to law. 3 S. & M. 529; *Yallobusha County* v. *Carbry*, 9 S. & M.; *The Board of Police of Attala County* v. *Grant*, p. 90. In the last case cited, however, the court say: "It is a point which may admit of some doubt, whether the Boards of Police are to be regarded as courts, or as *quasi* corporations. For some purposes they are certainly to be regarded as courts."

It is clear that all of the acts of Boards of Police are not judicial in their character, and their acts will only be final and conclusive in that class of cases where they are in their nature judicial. The subject-matter of this controversy arises out of the act of the Legislature of this State, approved December 2, 1863, entitled "An Act to better provide for the families of soldiers."

The first section provides for the enrolment of the persons who may be entitled to the benefits of the act. The second section appropriates five hundred thousand dollars, payable out of the treasury notes issued under the provisions of " An Act entitled An Act authorizing the issuance of Treasury Notes on behalf of the State," approved Jan. 29, 1862, to be distributed among the several counties of the State, in pursuance of the subsequent provisions of this section. Section ten authorizes

the levy and collection of a special tax, not exceeding one hundred and fifty per centum upon the State tax for the fiscal year of 1863, and each succeeding year, until otherwise ordered; to be levied and collected as other taxes, to be called "the Military Relief Fund," to be distributed when collected among the several counties of the State, in the same manner as provided for the distribution of the five hundred thousand dollars appropriated by the second section of this act.

The twelfth section of the act provides "that the Boards of Police of the different counties of this State are authorized, at their discretion, to levy a special tax, upon the taxable property of their respective counties, to an amount not exceeding one hundred per centum upon the State taxes of the current year, except the counties of Tallahatchie, Jackson, Hinds, Rankin, Scott, Wilkinson, Newton, Calhoun, Leake, and Kemper, wherein the Boards of Police are authorized to levy a tax not exceeding three hundred per centum on the State tax, the proceeds of which shall be applied and used in aid and for the purposes of the funds or amounts hereinbefore provided, and shall be distributed on the same basis and in the like manner; and the said Boards of Police are also authorized and empowered, should the exigency require it, respectively to borrow, for and on the credit of their several counties, any sum of money, not exceeding twenty thousand dollars in any one year, for which sum or sums so borrowed the Boards are authorized to cause to be prepared, sign, and deliver warrants or bonds of their counties, to bear interest not exceeding eight per cent per annum; and the amounts thus borrowed shall be paid out of the appropriations hereinbefore made to the different counties of the State, or out of a special tax which the counties borrowing may respectively levy. The said warrants or bonds shall be signed by the clerks, and countersigned by the presidents of said Boards; and the treasurer and police clerk shall each keep a separate and accurate account of the number, date, and amount thereof, and to whom payable, and shall keep like accounts of the same when paid."

Previous to the passage of this act, Boards of Police had no

authority, and were not possessed of the power to borrow money on the faith and credit of their respective counties. There exists a broad and radical distinction as to the rights and powers of natural and artificial persons. Natural persons have and may exercise all of the rights which have not been surrendered by them, or such as have not been taken away, in strict accordance with law; whereas artificial persons and corporations have only such rights and powers as are expressly conferred on them by law.

The act just referred to is the only one of a general nature empowering Boards of Police to borrow money, and without some such act they could not lawfully do so, in their official characters.

The relator in this case is chargeable with a full knowledge of the laws of the State, regulating the rights, powers, and duties of the Boards of Police, and in dealing with them he is bound to look to it that their transactions conform to the law; otherwise they will not be bound. If they transcend the powers granted by law, their action will be wholly void. The twelfth section of the act just cited provides that in case the *exigency required* it, the Boards of Police might borrow money, on the credit of their counties, and that for the "sum or sums so borrowed the Boards are authorized to cause to be prepared, sign, and deliver county warrants or bonds of their counties, to bear interest not exceeding eight per cent per annum; *and the amounts thus borrowed shall be paid out of the appropriations hereinbefore made to the different counties of this State, or out of the proceeds of a special tax which the counties borrowing may levy.*"

The warrant in this case was not drawn and issued in accordance with the requirements of the statute. It should have specified the object for which the money was borrowed, and upon what fund it was intended to be drawn. It should have stated on its face whether payable out of funds in the treasury, or to be placed there, belonging to the "Military Relief Fund," or out of "the proceeds of a special tax" thereafter to be levied by the Board of Police of the county of Leake. It should have

appeared from the order allowing the warrant, and from the warrant itself, that the "*exigency*" had arisen, authorizing the issuance of the warrant. By the express terms of the act just referred to, it should have been made payable out of the appropriations made by the legislature to the several counties of the State, or out of the proceeds of a special tax which the county borrowing might levy; and the lender had no right to expect or demand payment out of any other fund, or in any other mode than that designated by the statute. The petition of the relator does not state facts sufficient to bring his claim within the purview of the statute authorizing Boards of Police to borrow money. We may admit that Boards of Police are courts, and that as such their orders and judgments are final and binding in matters coming clearly within their cognizance, unless appealed from or reversed.

There are many features which distinguish this from an ordinary county warrant.

The issuance of this description of paper was authorized by a special act of the legislature, and not by the general law regulating the issuance of county warrants. It should have been made payable out of one or the other, or both of the two funds specified in the act, and not out of the funds of the county generally. This warrant had to be *countersigned* by the *President* of the Board, and *separate* and accurate accounts are required to be kept by the treasurer and police clerk of the number, date, and amount thereof, and to whom payable, and like accounts of the same when paid. The fact that they were to be kept *separate*, and accounted for *separately*, most clearly indicates that they were not to be treated and regarded the same as ordinary county warrants, payable out of county funds generally, but were designed to be paid from *separate* funds, *specifically designated*. This warrant was issued upon personal security, and although payable on demand, it bears eight per cent interest; evidently showing that immediate demand and payment were not contemplated by the parties, and for these reasons materially differed from ordinary county warrants.

We have arrived at the conclusion, that in the present in-

stance the Board of Police were not sitting as a court, and did not act judicially in negotiating this loan, but simply as the agents of the county for that purpose, being specially authorized in that behalf; and that the contract in this case must stand upon the same footing as that of a bond, promissory note, bill single, or bill of exchange, or any other mere evidence of indebtedness, the consideration of the execution of which may be inquired into.

Taking the view which we do of this subject, it does not become necessary for us to inquire into, pass upon, or in any manner call in question the validity of the act of the legislature referred to, nor do we intend to express any opinion as to the legality or illegality of the transaction itself. We prefer to pass upon such questions when they necessarily arise out of some case, and are squarely presented, and not until then.

Having determined that the action of the Board of Police was not of that character which will preclude us from going back to the original transaction itself, we will look at the case as it is presented on the petition and answer. It is certainly unnecessary for us to enter into any lengthy disquisition as to the origin, nature, and general scope of the remedy by mandamus. These are well understood, or may be readily ascertained by the intelligent practitioner.

The answer or return must be accepted as being absolutely true. This point has been expressly passed upon by this court in the case of the *Board of Police of Attala County*, p. 89. In that case the court says, " By the common law, the return to a mandamus in the alternative is to be taken as true, and the aggrieved party is left to his action for a false return. The court below seems to have regarded this answer as it would the return to a mandamus in the alternative. By moving for the *peremptory mandamus*, the truth of the answer was admitted." This is directly in point.

The motion for the peremptory *mandamus* in this case must be regarded as expressly admitting the truth of the facts stated in the answer. Among other things the answer alleges that

the parties to the warrant in question did not contemplate the payment in specie, but in other currency.

Section third, proviso second, of the Ordinance dated Aug. 23, 1865, p. 41 of the Proceedings of the Convention, provides that " in all other cases in which a party has executed a note or agreement in writing for the payment of money, parol testimony shall be admissible to prove whether or not such contract contemplated specie currency, and to show what amount in specie the payee or obligee has a right equitably to demand and recover."

This is the case made by the answer, and the answer being conclusive on this point, the very moment it became apparent that it would require the production of testimony or the investigation of facts to settle the rights of the parties, the court below had no power to proceed, and its jurisdiction was at an end.    The question has been clearly adjudicated by this court. In the case of the *Board of Police of Attala County* v. *Grant*, 9 S. & M. pp. 90, 91, it is said, " The court cannot enter into an inquiry to ascertain facts, and settle unsettled matters; it is not competent for the court to decide on disputed facts. . . . . The court erred in entering a calculation as to the amount due.    Accompanying the petition there is a sort of running account or memorandum of credits, which shows a balance due Grant of $9,277, to which interest is added, making the aggregate $12,155, which is the amount decreed him by the Circuit Court.    The court then undertook to decide from evidence what was due, and it took the statement of Grant as conclusive of the matter.    This was done in the face of the answer denying that anything was due, which is to be taken as true."

The writ of *mandamus* is most unquestionably the appropriate remedy for the purpose of compelling public officers and tribunals to perform the duties required of them by law, where no other legal remedy exists, and where the right to be enforced is certain and positive.

If the right is uncertain or a matter of discretion, mandamus will not lie.    9 S. & M. 90; 40 Miss., *Swan* v. *Buck*, p. 290.

Sec. 6, art. 33, Revised Code, p. 419, provides that any per- son who may conceive himself aggrieved by any judgment or decision of the Board of Police shall have the right of appeal to the next Circuit Court of the county.

By sec. 7, art. 34, " any person having a just claim against any county in this State, which the Board of Police may refuse to allow, may bring suit in any court having jurisdiction; and in case said party shall recover, the Board of Police shall allow the same, and a warrant shall issue as in other cases." It seems to us the relator had not only an ample legal remedy, but a *choice of remedies.*

We are of opinion that the Circuit properly refused the *per- emptory* writ of *mandamus.* The judgment of the Circuit Court is affirmed.