Opinion delivered May 27, 1887.

No. 5929.

McILHENNY Co. ET AL. *v.* S. W. MILLER.

1. ASSIGNMENT FOR BENEFIT OF CREDITORS.—When an assignment which purports to have been made for the benefit of creditors, by an insolvent, shows by its terms an intention to assign under the statute, and there is no provision in it indicating a design to make a partial assignment, except that the instrument after its specific designation of property conveyed, does not declare that it is all the property subject to the payment of debts, the law will presume an intention to convey all. This construction is based on the terms of the statute, which declares that such an assignment, however expressed, shall be construed to pass the entire estate, "whether specified therein or not." This case distinguished from Donoho v. Fish Bros., 58 Texas, 167.

2. SAME.—The law determines what amount the estate of the insolvent must pay in discharge of his debts before he can be entitled to a release, and it is not necessary that this should be referred to in the deed of assign ment.

APPEAL from Bell. Tried below before the Hon. W. H. Blackburn.

T. P. Lockhart, by deed of assignment conveyed his property to S. W. Miller, for the benefit of such of his creditors as would consent to accept their proportionate share of his estate and release him. Miller immediately qualified as assignee according to law, and took possession of the property assigned. McIlhenny Company afterwards caused an attachment to issue and had it levied on the property in Miller's possession. Miller filed affidavit and bond for the trial of the right of property. McIlhenny Company alleged on the trial that the property was conveyed to Miller to defraud Lockhart's creditors, etc. Miller alleged that the property was conveyed to him in good faith, for the benefit of such of Lockhart's creditors as would accept and release their claims, etc.

The deed conveyed goods, wares and merchandise of the value of three thousand five hundred dollars, about three hundred and fifty dollars in notes and accounts belonging to the late firm of Lockhart & Wheat, one safe, one show case and scales worth one hundred and twenty-five dollars, and two hundred bushels of corn, to S. W. Miller, for the benefit of such of Lockhart's creditors, and the creditors of the late firm of Lockhart & Wheat only, as will consent to accept their proportionate share of his estate and discharge him from their respective claims, and further stated, "To the furtherance of which end I hereby deliver all the aforesaid property into the possesssion of said S. W. Miller, to be by him managed and disposed of, as such *assignee in terms of the law.*"

*Dupree & McCutchan* and *Geo. W. Tyler*, for appellant, on their proposition that a deed though general in its nature may be limited to certain property mentioned by special words of limitation or qualification; and the special mention of personal property excluded all real estate, cited Donoho v. Fish, 58 Texas, 167; Parsons on Contracts, volume 2, p. 504, 506, sixth edition; Id., 515, 516; Id., volume 3, p. 13, Burrill on Assignments, 354, second edition; Id., 377; Id., 392, 393.

On their proposition that the defendant claiming the property in controversy as assignee for the benefit of creditors, must show that there are other creditors who had accepted the benefits of the assignment and filed their claims within the time provided for acceptances, else plaintiffs would have a right to recover the amount of their claims or the value of the property in the hands of the assignee, cited Keating v. Vaughn, 61 Texas, 518; Revised Statutes, Appendix, page 8, sections 7, 8; W. R. and J. M. Caton v. C. C. Jones et al., 21 Texas, 788; Burrell on Assignments, second edition, 2 page 241.

*Harris & Saunders,* for appellee, cited Acts of 1879, chapter 53, page 57, sections 1, 3–10.

Sᴛᴀʏᴛᴏɴ, Assᴏᴄɪᴀᴛᴇ Jᴜsᴛɪᴄᴇ. The assignment in this case, from the provisions contained in the deed through which it was made, was intended to be in compliance with the act of March 24, 1879, and the amendments thereto, and, while it does not in terms declare that the property enumerated in it is all that the assignor owned at the time, except such as was exempt from forced sale, yet, loooking to the whole instrument, we are of the opinion that it must be considered a statutory assignment.

There is nothing which restricts its operation upon all the property owned by the assignor, and being intended as a statutory assignment, by operation of the statute, it passed all of the assignor's property subject to forced sale.

The statute provides: "That every assignment made by an insolvent debtor, or in contemplation of insolvency for the benefit of his creditors, shall provide, except as herein otherwise provided, for a distribution of all his real and personal estate other than that which is by law exempt from execution, among all his creditors in proportion to their respective claims, and, however made or expressed, shall have the effect aforesaid, and shall be construed to pass all such estate whether specified therein or not."

No question is made as to the insolvency of the assignor, and that he made an assignment for the benefit of his creditors can not be denied. The object of the statute, when such an assignment is made, is to compel a distribution of the proceeds of all the assignee's estate, real and personal, subject to the payment of debts, among his creditors under its provisions; and the express provision that such an assignment *"shall be construed to*

*pass all such estate, whether specified therein or not,"* must be given the effect which its terms require.

It was held in Donoho v. Fish Bros. (58 Texas, 167), that an assignment made by partners which only purported to carry the partnership property, and was otherwise restrictive upon its face, could not be aided by the statute and thus made to pass title to the real and personal property owned in separate right by each of the partners; for this would be to make a contract which the parties never intended to make. When, however, an instrument, on its face, shows an intention to make an assignment under the statute, if there is nothing in it, save the fact that the assignor, after enumerating property conveyed, does not state that this is all of his property subject to the payment of debts, from which an inference may be drawn that he intended to make only a partial assignment, then he will be presumed to have intended to convey what the statute declares his conveyance shall be construed to pass; and thus will the law aid the imperfect instrument.

The court below did not err in admitting in evidence the deed of assignment.

The law fixes the proportion of debts which must be paid before the insolvent can become entitled to a release, and it is not necessary that this be stipulated in the deed of assignment.

There is no error in the judgment and it will be affrmed.

*Affirmed.*