Anderson *et al. v.* Claman, Treasurer.

No. 14,127.

ANDERSON ET AL. *v.* CLAMAN, TREASURER.

FREE GRAVEL ROAD.—*Order for Construction.—County Commissioners.—Appeal.*—An appeal does not lie from the order of the board of commissioners for the construction of a free gravel road.

SAME.—*Appeal by Part.—Effect as to Others.*—An appeal by part of the persons assessed for the construction of a free gravel road does not affect the jurisdiction of the board or the validity of the proceedings as to those not appealing.

SAME.—*County Commissioners.—Special Session.—Validity of Order.—Injunction.*—Where the board of commissioners meet voluntarily in special session and order the construction of a free gravel road, and appoint viewers to assess and apportion the assessments, the order so made is *prima facie* valid and not subject to a collateral attack, as by injunction to restrain the collection of the assessments. BERKSHIRE, J., dissents.

From the Monroe Circuit Court.

*M. F. Dunn, G. G. Dunn, E. Corr* and *M. M. Dunlap,* for appellants.

*J. H. Louden* and *W. P. Rogers,* for appellee.

OLDS, J.—There are some thirty appellants in this case, and they brought this action against the appellee, as treasurer of Monroe county, to restrain the collection of an assessment for the construction of a free gravel road.

The complaint is in three paragraphs. The appellee demurred to each paragraph of the complaint, for the reason that neither paragraph of the complaint states facts sufficient to constitute a cause of action. The court sustained appellee's demurrer, and appellants excepted and refused to amend, and the court rendered judgment on the demurrer for the appellee.

The first paragraph of the complaint alleges that the appellee is the duly elected and acting treasurer of Monroe county; that a petition was filed for the construction of a turnpike, known as the "Wylie Pike," describing the route

of the proposed pike; that viewers, and an engineer, were appointed; that the viewers made their report at the June term, 1884, of the board of commissioners, and on the 23d day of June, 1884, the board ordered that said pike be constructed, and that within thirty days from that date William O. Blakely, John Stipp, and others, filed their bond and took an appeal from said order ordering the construction of the road, to the Monroe Circuit Court; that upon the same day said board appointed three competent freeholders, as viewers, to assess the benefits to the land lying within two miles of said proposed improvement, and which had been reported as benefited by such proposed work; that while said appeal was pending the board received bids for the construction of said pike, and let the contract to build the same, and issued the bonds of the county for that purpose; that on the second (2d) day of February, 1885, the viewers appointed to assess the benefits to each tract of land made their report to said board, assessing the lands of the appellants; that said report of assessment was confirmed by the board of commissioners, all which acts and orders, by said board, were done and made while said appeal aforesaid was pending in the circuit court, and said report was ordered placed on the record of roads by the auditor of Monroe county, and the board ordered the auditor to make out a duplicate with said assessments and deliver it to the appellee as treasurer of said county; that said duplicate was made out and delivered to appellee, and is now in his hands, and that he is threatening to collect said pretended assessments; that the lands of each and all of these plaintiffs were assessed for the construction of said pike, and each and all of these appellants are affected by said illegal proceedings. Prayer that appellee be enjoined from collecting such assessments.

It is insisted by counsel for appellants that the appeal taken from the order of the board for the construction of the pike vacated all proceedings had by the board up to that time, and suspended all further proceedings; and that all

proceedings subsequent to the appeal are absolutely void; that the whole case was transferred to the circuit court by the appeal for trial *de novo,* and took from the board all jurisdiction of the cause. The theory of counsel would possibly be correct if an appeal would lie from the order establishing and ordering the construction of the road, and if the appeal had been taken by all the persons whose lands are assessed; but we can not agree with the theory of counsel, as to the effect of the appeal alleged to have been taken in this case.

It has been held by this court that no appeal lies from the order of the board for the construction of the road. *Tomlinson* v. *Peters,* 120 Ind. 237. There being no right of appeal from such order, the jurisdiction of the board of commissioners could not be taken away by an appeal. By the allegations of the complaint it only appears that two persons appealed from the order of the board. It has been held by this court that an appeal taken by two persons, as in this case, would not affect the jurisdiction of the board or the validity of the proceedings as to those not appealing. *Stipp* v. *Claman, post,* p. 532.

The second paragraph alleges the same facts as to the filing of the petition, appointment of viewers, filing of assessments and placing the same on the duplicate, and that the appellee was attempting and threatening to collect the assessments. It is further alleged that the county of Monroe contains a population of more than ten and less than thirty thousand, and that the board of commissioners are prohibited by law from remaining in regular session to exceed nine days in said county, and that the June session of said board expired on the 11th day of June, 1884; that said board met afterwards, on the 23d day of June, 1884, in regular session; that said board did not give any public notice of said meeting on said 23d day of June, and on said day said board ordered, adjudged and decreed that said improvement be made as prayed for, and that the lands

set out in the report of the viewers as benefited by said improvement be assessed for the expense of the same; that on said day the board appointed three other competent freeholders to assess and apportion the benefits to the land reported as benefited by said improvement; that said three last-named persons appointed by the board to assess and apportion benefits, afterwards reported the assessments of benefits which was confirmed by said board of commissioners, and said board ordered said assessments placed on the tax duplicate for collection, and the same were placed on the tax duplicate and the duplicate placed in the hands of the appellee for the collection of said assessments, and that all of the plaintiffs are owners of land lying within two miles of said proposed turnpike, which lands so owned by them were assessed as aforesaid for the construction of said road; that said order adjudging and decreeing that said improvement be made, and said turnpike be constructed, and all proceedings subsequent thereto, are void by reason of the fact that at the time said order was made, on said 23d day of June, 1884, said board of commissioners were not in legal regular session, because said regular session had expired before that time, and that they were not in regular special session, because said session was not called by the auditor, or clerk of the circuit court, or recorder of said county, or by either of them, nor was any special session called on any previous day from which said board adjourned to said day, nor was any notice given of said session.

The validity of this paragraph of the complaint depends upon the fact as to whether or not the board of commissioners had the power to make the order which they did on the 23d day of June, 1884, when they ordered the construction of the road and appointed viewers to assess and apportion the assessments.

The fair inference and conclusions to be drawn from the facts pleaded are, that the board of commissioners met in special session upon that day, without being notified to meet

in special session, or a special session having been previously called for that day by any officer authorized to call a special session of said board, but that they met voluntarily, in special session, and made the orders which it is alleged they made upon that day, and had the same entered of record.

The averments in the complaint do not controvert the fact that all proper notices were given as required by the statute to give the board of commissioners jurisdiction of the subject-matter and of the parties, or that any fact or element was lacking to make the proceedings legal if the orders and adjudications of the board had been made at a time when the board was in legal session, with power to make the order. Nor is it shown by the averments of the complaint that the board did anything beyond what they had authority to do under the statute governing the construction of free turnpikes.

The question presented has been in effect decided by this court. In the case of *White* v. *Fleming*, 114 Ind. 560, on p. 574, the court say: " In the second paragraph of his complaint, as we have seen, plaintiff alleged that the members of the county board came together at the auditor's office on the day named, of their own motion, to settle with the outgoing township trustees, without any notice, oral or written, from any officer authorized by law to give notice of the special session. Special sessions of the county boards may be called by certain county officers, in a specified order, ' Whenever the public interests require it.' Section 5737, R. S. 1881. The notice of special sessions, provided for in the statute, is a notice not to the public, but to the individual members of the board."

In the case from which we quote, it was alleged that the board voluntarily came together in special session on the 14th day of April to settle with the outgoing trustees, and remained in session until the 17th day of April, and the court further say: " We are of opinion that the second paragraph of complaint fails to show that the board

'of commissioners of Ripley county were not in legal session on the 14th day of April, 1884." See *Wilson* v. *Board, etc.*, 68 Ind. 507 ; *Jussen* v. *Board, etc.*, 95 Ind. 567 ; *State, ex rel.*, v. *Board, etc.*, 104 Ind. 123 ; *Stoddard* v. *Johnson*, 75 Ind. 20 ; *Stipp* v. *Claman, supra.*

It is evident that the board of commissioners having been in session on the 23d day of June, 1884, and made an order relating to the construction of said turnpike, the board having jurisdiction of the parties and the subject-matter of the action, their orders were *prima facie* valid, and not subject to a collateral attack as in this case. If the validity of this order had been contested in an appeal taken from the final order and judgment of the board, a different question would be presented for our consideration. The board of commissioners passed upon their right to sit and transact business, and made an order in the case, and such order so made can not be attacked in a collateral proceeding.

The third paragraph presents no additional question. The demurrer was properly sustained to each paragraph of complaint.

Judgment affirmed, with costs.

BERKSHIRE, J., dissents.

Filed April 29, 1890.