AUGUST A. BUSCH & CO. v. CAUFIELD et al.†

(Court of Civil Appeals of Texas. Feb. 1, 1911. Rehearing Denied March 8, 1911.)

COUNTIES (§ 204*)—CLAIMS—AUDIT—REVOCATION.

Const. art. 5, § 1, provides that the judicial powers of the state shall be vested in certain courts, including the commissioners' court. Section 8 provides that the district court shall have appellate jurisdiction and general supervisory control of the county commissioners' court. Sayles' Ann. Civ. St. 1897, art. 1537, subd. 8, provides that the commissioners' court shall have the power, and it shall be its duty, to audit and settle all accounts for and against the county, and direct their payment, and the law provides how the commissioners' court shall be composed. *Held* that, where the commissioners' court allowed a claim and ordered it to be paid, its action was judicial, and could not be afterwards revoked at a subsequent term; the only remedy for erroneous action being by appeal.

[Ed. Note.—For other cases, see Counties, Cent. Dig. § 325; Dec. Dig. § 204.*]

Appeal from District Court, McLennan County; Marshall Surratt, Judge.

Mandamus by August A. Busch & Co. against T. A. Caufield and others. From a judgment refusing the writ, relators appeal. Reversed and rendered.

O. L. Stribling, for appellants. Clark, Yantis & Clark, for appellees.

RICE, J. This suit was brought by appellants in the district court of McLennan county against Hon. Thomas L. McCullough, county judge, and Thomas A. Caufield, Esq., clerk of the county court of said county, for a writ of mandamus, requiring said officials to issue to appellants the warrant of said county for the sum of $546.29 in payment of their claim against the county, which it was alleged had been approved and ordered paid by the commissioners' court of said county at its June term, 1908, alleging that notwithstanding the order of said court directing the payment of said amount to appellants the said officers had refused to issue the warrant of said county to appellants in payment thereof. Appellees, after general and special demurrers and general denial, answered that on August 22, 1908, the commissioners' court of said county entered an order rescinding its former order of June 25, 1908, allowing said claim, and directing that no warrant of said county should issue in favor of appellants therefor, for which reason they had refused to comply with appellants' request. They further alleged that the order of the June term allowing said claim was in violation of law, for the reason that at that time McClellan county had a duly qualified county auditor, and said claim had never been presented to and approved by said auditor at the time the commissioners' court entered its order approving the same. The case was tried by the court without the intervention of a jury, and judgment rendered refusing the writ of mandamus. It appears from the findings of fact that the last order of the commissioners' court was rendered without notice to appellants; and there is no proof that McLennan county had any auditor, as alleged.

The judgment of the court is based alone on the ground that appellees acted rightly in refusing to issue the warrant, because the last order revoked and set aside the former order approving the account, and the court found in its conclusions of law that the commissioners' court had the right, without notice to appellants, at a subsequent term, to rescind the former order on the ground that it acted, not in a judicial, but in an administrative, capacity in entering the same. So that the sole question presented for our consideration is whether or not the judgments and orders of the commissioners' court are judicial, as asserted by appellants, and cannot be set aside by said court at a subsequent term thereof, or whether they are merely administrative and legislative, as insisted by appellees, which would authorize said court at a subsequent term, if they saw proper, to reconsider and rescind them. We think that the proper solution of this question makes it necessary to consider the power given by our Constitution and laws to commissioners' courts. Section 1, art. 5, of the state Constitution, provides that the "judicial powers of this state shall be vested in one Supreme Court, in Courts of Civil Appeals, in a Court of Criminal Appeals, in district courts, in county courts, in commissioners' courts, in courts of justices of the peace, and in such other courts as may be provided by law." Section 8 of article 5 likewise provides that "the district courts shall have ap-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

† Writ of error denied by Supreme Court April 12, 1911.

pellate jurisdiction and general supervisory control of the county commissioners' court, with such exceptions and under such regulations as may be prescribed by law." Article 1537, § 8, Sayles' Ann. Civ. St. 1897, provides that: "The commissioners' court shall have the power, and it shall be its duty, to audit, adjust and settle all accounts against the county and direct their payment, and to audit, adjust and settle all accounts and claims in favor of the county." The law provides that the commissioners' court shall be composed of the county judge and four commissioners, and the clerk of the county court shall act as clerk of the commissioners' court. If the act of the commissioners' court in approving the claim in question was a judicial, and not an administrative, act, then we think it is clear that the attempt on its part at a subsequent term to rescind the order was without authority, and therefore nugatory. In Brown v. Ruse, 69 Tex. 589, 7 S. W. 489, where the commissioners' court after approving and directing the payment of a claim entered an order at a subsequent term, reciting that, there being no money in the treasury to meet claims of that character, no draft should issue on it or tax be levied to meet it, as provided in a former order, it was said by Judge Stayton, in passing upon this question: "No subsequent action of the court, had without notice to appellee, could affect his right, if this could have been done at all after the close of the term at which the claim was allowed," approving the judgment of the court below in awarding the mandamus to compel the issuance of the warrant on the county treasurer for the payment of the audited claim.

In Callaghan v. Salliway, 5 Tex. Civ. App. 239, 23 S. W. 837, which was a mandamus suit brought against the county judge to compel him to sign a warrant in favor of the plaintiff on the treasurer of the county after the claim had been approved by the commissioners' court and ordered paid, it was said with reference to the order allowing the account: "The effect of this order is a judgment, having all the incidents and properties attached to a similar judgment pronounced by any regularly created court of limited jurisdiction, acting within the bounds of its authority, and the action of the court on the claim is res adjudicata, and is as conclusive of the county's liability as though the adjudication had been made by a court of general jurisdiction"—citing Freeman on Judgments, § 531. It is further said in the course of said opinion: "To set aside or avoid the effect of an order of the commissioners' court auditing and allowing a claim against the county the jurisdiction of the district court must be invoked in the proper manner by an appropriate proceeding, and, until it is done, the action of the county court must stand as a judgment, and cannot be collaterally attacked by the district or any other

court." In Vogt v. Bexar County et al., 16. Tex. Civ. App. 567, 42 S. W. 127 (in which a. writ of error was refused by the Supreme Court), in discussing the legal effect of judgments of the commissioners' court, it was said: "All the provisions of the statute having been complied with, the judgment of the commissioners' court is not subject to collateral attack. The law has provided for appeal from the judgment of commissioners' courts; and appellant, if dissatisfied with the judgment, should have used the statutory means for setting it aside. Speaking of such tribunals as commissioners' courts, Elliott in his work on Roads and Streets, p. 259, says: 'In all cases where there is a permanent tribunal, having jurisdiction to approve or reject a report, to hear and determine controversies, there is a tribunal competent to render a judgment strong enough to resist collateral attack. Especially is this true where there is a right of appeal to a court of general superior jurisdiction'"— quoting with approval from Callaghan v. Salliway, supra. Justice Garrett, in the case of School Trustees v. Farmer, 23 Tex. Civ. App. 39, 56 S. W. 555, in discussing the authority of commissioners' courts in auditing claims against a county under article 1537 of the Revised Statutes of 1895, said: "By article 1537, subd. 8, of the Revised Statutes, the commissioners' court is given authority to audit, adjust, and settle all accounts against the county, and direct their payment. In this the court exercises a judicial function, and, when it has exclusive jurisdiction, its judgment is conclusive, unless appealed from or reversed in the mode prescribed by law"—citing Callaghan v. Salliway, supra. The court further held in the same case that an order or judgment of the commissioners' court cannot be collaterally attacked and can only be set aside or revised by proper appellate proceeding, saying that the district court, under the Constitution, had appellate jurisdiction over the commissioners' court, and intimating that, notwithstanding there had been no legislation making provision for the exercise of such jurisdiction except in cases of damages for land taken for public roads, that its appellate jurisdiction might, however, be invoked by certiorari. In the case of Leach v. Wilson County, 68 Tex. 356, 4 S. W. 614, Chief Justice Gaines held that an order passed by the commissioners' court affecting the validity of a claim previously allowed by such court will not be binding upon the holder of the claim without notice of the subsequent action of the commissioners' court, using the following language: "The holder of the claim was not bound to watch the proceedings of the court, or to take notice of any further orders with reference to it. The injustice of debarring his right of action by virtue of a proceeding of which he had no notice is apparent. Neither can a county by an ex parte order of the

commissioners' court, not brought home to the holders of its warrants, set the statute running against them," etc.

In 7 Am. & Eng. Ency. Law (2d Ed.) p. 1003, it is said: "A board of county commissioners in the audit, adjustment, allowance, or disallowance of a claim against a county exercises judicial functions, and, having exclusive jurisdiction, its judgment, in the absence of fraud, is conclusive both upon the board and the parties interested, unless appealed from or reversed in the mode prescribed by law"—citing numerous cases in support of the text. In 11 Cyc. 404, it is said: "Ordinarily the decision of a county board in the exercise of its judicial discretion is conclusive and will not be controlled or reviewed, unless there is a clear abuse of such discretion, or unless there is evidence of collusion or fraud. Where the commissioners of a county do public business according to the discretion confided to them, new commissioners are bound by their acts." "Decisions, judgments, or orders of a county board, acting judicially, in a proceeding in which they have jurisdiction, being conclusive as a judgment of a court of record, cannot be collaterally attacked, and are only reviewable upon appeal or other appropriate proceeding. Where, however, a board or court exceeds its jurisdiction and makes an order without authority, such order, being void, is subject to collateral attack."

If, as appears from the foregoing authorities, the acts of the commissioners' court in auditing the claims of appellants were judicial, then it would follow, it seems to us, without question, that its judgment, like that of any other court, could not be set aside at a subsequent term, but that, in order to have its decision reviewed, an appeal must be taken therefrom.

On the question of rescission of such orders generally and at subsequent terms, it is said in 11 Cyc. p. 403: "Where a county board or court exercises functions which are administrative or ministerial in their nature, and which pertain to the ordinary county business, and the exercise of such functions is not restricted as to time or manner, it may modify or repeal its action. But in no event has such court or board the power to set aside or modify a judicial decision or order made by it after rights have lawfully been acquired thereunder, unless authorized so to do by express statutory provision. The same is the case where an appeal has been allowed, or where some special statutory power is exercised, the time or the mode of the exercise thereof being prescribed by statute. A county board or court may, however, at the term or session at which an order is made, revise or rescind it, provided this is done before any rights accrue thereunder; but ordinarily they have no power to do such act subsequent to such term or session"—citing authorities in support thereof. In 7 Am. & Eng. Ency. Law, p. 1008, treating of the same subject, it is said: "It has been stated as a general principle that a board of supervisors has no power to review, reverse, or vacate its own judicial action; and there are several authorities holding without particular reference to the character of the act as judicial or otherwise that certain powers conferred on such board are not continuous in their nature, but are exhausted by a single exercise, and cannot thereafter be rescinded in the absence of fraud or imposition. Some of these cases might well be rested on the broad ground that the rescission would impair the obligation of contracts or divest vested rights. The distinction between judicial and ministerial acts is of importance in determining the power of courts to reconsider or review the determination of boards of supervisors or commissioners. If the act involves the exercise of discretion on the part of the board, the determination is final in the absence of abuse, oppression, or fraud or excess of jurisdiction. The judgments of a board of supervisors or commissioners, like those of any court of competent jurisdiction, cannot be attacked collaterally, but are conclusive upon all parties in interest in an action at law until reversed." See, also, 13 American Digest (Cent. Ed.) p. 1300, § 75. The following cases from other jurisdictions support the doctrine that the judgments and orders of commissioners' courts are not subject to collateral attack. Waugh v. Chauncey, 13 Cal. 11; Stingley v. Nichols, 131 Ind. 214, 30 N. E. 34; Anderson v. Clannan, 123 Ind. 471, 24 N. E. 175; White v. Fleming, 114 Ind. 560, 16 N. E. 487; Knox County v. Barrett, 106 Ind. 599, 7 N. E. 205; Brewer v. Boston R. R. Co., 113 Mass. 52; Blanchard v. Bissell, 11 Ohio St. 96; Bartlett v. Eau Claire County, 112 Wis. 237, 88 N. W. 61; Bennett v. Hetherington, 41 Iowa, 142; Beaman v. Leake County, 42 Miss. 237; Attala County v. Grant, 9 Smedes & M. (Miss.) 77, 47 Am. Dec. 102. On the want of the right of the board to reconsider and rescind its action at a subsequent term, see Graham v. Parham, 32 Ark. 676; Cass County v. Gravel R. Co., 88 Ind. 199; Doctor v. Hartman, 74 Ind. 221; Clarke County v. State, 61 Ind. 75; Lexington Turnpike Co. v. McMurtry, 6 B. Mon. (Ky.) 214.

Counsel for appellees, however, have cited us to a line of cases from other jurisdictions sustaining their contention. They also cite the case of Collingsworth County v. Myers, 35 S. W. 414. Some of the out-state authorities cited by them fail, as we think, to have application. We do not think the case of Collingsworth County v. Myers, supra, is analogous to the case at bar for several reasons, which we will undertake to point out. It seems in that case that at the February term, 1893, of the commissioners' court an order was made fixing the ex officio salaries of

the county judge, sheriff, and clerk for a period of two years. At the ensuing November term of said commissioners' court, an order was made rescinding and revoking the former order as to such ex officio salaries of said officers, reducing said salaries, and this action was brought against the county by Myers, the county judge, for himself and as the assignee of the claims of the sheriff and clerk to enforce the collection of the amounts due them under said first order. The court held that the commissioners' court had the right to rescind and vacate its first order, because in fixing the ex officio salaries of its officers, said commissioners' court did not act in its judicial, but in its legislative capacity. It will be remembered that at the time said second order was made said officers had not earned the salaries for which the suit was instituted; and the court expressly limited the operation of its opinion to such salaries as were unearned, and further held that the order fixing such salaries was not such a contract with the county as said officers had the right to enforce, but that the court in fixing said ex officio salaries acted merely in its legislative or administrative capacity and not in a judicial one, in which opinion we concur, and do not think it is in conflict with the cases heretofore cited by us. We have examined some of the cases cited by appellees from other jurisdictions. The first one is that of Commissioners' Court v. Moore, 53 Ala. 25, and, while it is true that the court in that case held that the commissioners' court under the law in auditing an account against the county performed an executive and not a judicial act, still it was held that, having allowed a claim, the commissioners' court had no authority, at a subsequent term, to vacate and annul the order allowing it; while in the case of Board of Commissioners of Huntington County v. Heaston, 144 Ind. 583, 41 N. E. 457, 43 N. E. 651, 55 Am. St. Rep. 192, cited by appellees, it was held that the action of the court in auditing and approving the account was not a judgment of the court so as to bring it within the rule of res adjudicata. Still the court among other things said: "The board of commissioners under the law in the discharge of their duties have at least a dual character. In some respects they act judicially and the law regards them as a court, and from their decisions an appeal lies in this state by a party aggrieved to a higher court. In other respects they act in an administrative capacity as the representative of the county. When they rightfully exercise their powers as a court, it is settled by the authorities that they are to be treated as such, and their judgments rendered or orders made cannot be collaterally impeached, and the principles of former adjudication are applicable thereto."

While the other cases cited by appellees which we will not undertake to review seem to sustain their contention, still we are inclined to believe that the rule holding that, if the action of the court in the particular case is judicial and not administrative, that its judgments cannot be collaterally attacked, is the one founded in reason and best supported by authority; and hence the court itself cannot at a subsequent term set aside its own order or decree, but this must be done, if at all, by an appeal from its decision. We think that the jurisdiction and powers of the commissioners' courts of this state are dual, some being judicial, while others are legislative, and that its judgments while acting in its judicial capacity are not subject to collateral attack, but must be reversed, if at all, by appeal or other appropriate proceedings instituted for that purpose.

So believing, we sustain the contention of appellants to the effect that the act of the commissioners' court in approving and auditing appellant's claim was judicial, and not administrative, and therefore that its action in this respect could not be revoked by a subsequent order, at another term, as attempted here, for which reason the judgment of the court below should be reversed and rendered in behalf of appellants, and it is so ordered.

Reversed and rendered.