AUGUST A. BUSCH & CO. v. CAUFFIELD et al.

(Court of Civil Appeals of Texas. Austin. June 28, 1911.)

Costs (§ 96*) — (Prevailing or Successful Party—Statutes.

Under Sayles' Ann. Civ. St. 1897, art. 1425, which provides that the successful party to a suit shall recover costs of the opposing party, except where it is otherwise provided by law, a county judge and a county clerk who act upon an invalid order of the commissioners' court and refuse to issue a warrant against the county, in the absence of a showing that they have any funds as officers, are properly taxed with the costs in their individual capacity, where the relator in proceedings for mandamus against them has prevailed.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 380; Dec. Dig. § 96.*]

Appeal from District Court, McLennan County; Marshall Surratt, Judge.

Mandamus by August A. Busch & Co. against T. A. Cauffield and another. Judgment for respondents was reversed on appeal, and they move to retax costs. Motion overruled.

Thos. L. McCullough and Thos. A. Cauffield, for the motion.

RICE, J. At a former day of this term, judgment was reversed and rendered in behalf of appellants herein (135 S. W. 244), and the costs taxed against the Honorable Thomas L. McCullough and T. A. Cauffield, Esq., in their individual capacity. They have filed their motion to retax the costs, upon the ground that they were acting in their official capacity as county judge and county clerk, respectively, of McLennan county, when they refused to issue the warrant demanded by appellants, and therefore insist that the court should tax the costs against them, not as individuals, but in their official capacity aforesaid, so that they may recover costs already paid by them from the county.

It is not shown by the motion that they have any funds in their hands as such officers with which to pay such costs, and we presume that there are no such funds at their disposal. Therefore, to retax the costs, so that plaintiffs could recover against them only in their official capacity, would, in the absence of such showing, be equivalent to holding that appellants were not entitled to recover their costs, which would contravene the provisions of article 1425, Sayles' Rev. Stat. 1897, which provides that the successful party to a suit shall recover of his adversary all the costs expended or incurred therein, except where it is or may be otherwise provided by law. It is said in 26 Cyc. p. 511, speaking with reference to costs in mandamus cases: "In construing statutes, courts have generally followed the general rule in civil actions and awarded costs to the prevailing party."

In declining to issue the writ, it is true, they acted upon the second order of the commissioners' court rescinding the first order, but in doing so they were not protected by reason of said second order, since the same transcended the power of the commissioners' court. Doubtless the commissioners' court, under the circumstances, will refund the

costs so paid by them, but we are not justified in taxing the costs otherwise than we have already done; for which reason the motion is overruled.

Motion overruled.