THE ATTORNEY GENERAL
OF TEXAS
GERALD C. MANN                    AUSTIN 11, TEXAS
ATTORNEY GENERAL



Honorable C. Woodrow Laughlin
County Attorney
Jim Wells County
Alice, Texas

Dear Sir:                          Opinion No. O-5049
                                   Re: Authority of the Commissioners'
                                       Court of Jim Wells County to
                                       pass an order authorizing the
                                       county auditor to pay county and
                                       precinct officials without said
                                       court's approving bills therefor
                                       at regular meetings, and related
                                       questions.

        Your request for an opinion on the above matters has
been received and carefully considered. We quote from your
request as follows:

        ". . . .

        "Does the Commissioners' Court of Jim Wells County
have the authority to pass an order authorizing the
county auditor to pay county and precinct officials,
regular county employees, part time county employees and
utility bills when due without the necessity of the
Commissioners' Court approving said bills at a regular
meeting?

        ". . . ."

        Upon receipt of this request for an opinion, we
asked that you give us additional information as to just what
you meant by the term "regular county employees," as well as
that you specify the county employees, part time employees and
other matters that you had in mind. Your reply states that
you would like for said opinion to cover the following:

        ". . . .

        "(1)  All elected county and precinct officials

        "(2)  All regular deputies and regular employees of
county officials

"(3) All full time county employees

"(4) Gas, water, lights and telephone bills

"(5) All regular grader and maintainer operators that are compensated upon an hourly basis when approved by a County Commissioner

"(6) All part time county employees when approved by a County Commissioner or the County Judge.

". . . ."

Your question is answered in the negative, for the following reasons:

The county auditor is not subject to the orders of the commissioners' court. He must approve all claims, bills and accounts before the same are presented for allowance by said court. Article 1660. All warrants on the county treasury, except warrants for jury service, must be countersigned by the county auditor. Article 1661.

The Federal Census of 1940 shows the population of Jim Wells County to be 20,239 and, in answering your inquiry, we are assuming that your commissioners' court has determined that the precinct officials of your county shall be compensated upon the salary basis, as provided by the statutes.

It is a well established principle of law in this State that commissioners' courts are courts of limited jurisdiction and have only such powers as are conferred upon them by the Constitution and statutes of this State, hence we direct your attention to the statutes hereinafter referred to.

Article 2351 is in part as follows:

"Each commissioners court shall

". . . .

"10. Audit and settle all accounts against the county and direct their payment.

". . . .

"15. Said court shall have all such other powers and jurisdiction, and shall perform all such other duties, as are now or may hereafter be prescribed by law."

Article 1637 provides as follows:

"The commissioners court shall, at each regular term, examine all accounts and reports relating to the finances of the county, and compare the same with the vouchers accompanying them, and cause such corrections to be made as are necessary, in order to make said accounts and reports correct, and shall cause all orders made by them, appertaining to said accounts and reports, to be properly entered upon the minutes of said court and noted upon said accounts and reports."

The commissioners' court does not have the power to delegate to some other person the performance of the duties placed upon it by the Constitution and laws of Texas. The case of Padgett, et al, v. Young County, et al., 204 S. W. 1046, deals with a situation where warrants had been drawn upon Young County by the Clerk of said County upon the order of its county judge, instead of by order of the commissioners' court of said county. The court held that said warrants were illegal and void because not approved by the commissioners' court and, in passing thereon, laid down the following principle of law which is applicable here, as follows:

"The duty of imposed by statute upon the county commissioners to audit all claims against the county and to order paid those only which are found to be just and legal demands, was judicial in its nature, and its performance could not be delegated to another, since it is well settled in this state that an order of the commissioners' court allowing a claim against the county and directing its payment is, in effect, a judgment, and just as conclusive as a judgment rendered by any other trial court acting within its judisdiction. Callaghan v. Salliway, 5 Tex. Civ. App. 239, 23 S. W. 837; August A. Busch & Co. v. Caufield, 135 S. W. 244. . . ."

Trusting the above answers your request, we are
very truly yours
ATTORNEY GENERAL OF TEXAS

APPROVED MAY 4, 1943      By  s/ Jas. W. Bassett
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS         Jas. W. Bassett
                                 Assistant

Approved Opinion Committee
By BWB, Chairman

JWB:db/cg