ELIJAH HEARN v. IRA M. CAMP.

The second Section of the Act of February 2nd, 1844, for the benefit of settlers in good faith, and to amend an Act to provide the mode of trying titles to land, approved February 5th, 1840, which provides that the owner of land shall not recover the value of the use and occupation thereof, from a possessor in good faith, unless he shall, before the commencement of suit, have tendered pay for the improvements, or offered in good faith to refer the question of pay for improvements to arbitrators, is unconstitutional.

See this case as to the jurisdiction of the County Courts over estates of deceased persons, with reference to the county in which administration shall be opened.

Appeal from Grimes. Tried below before the Hon. Peter W. Gray.

Action of trespass to try title, to one fourth of a league of land, by appellees, against appellant, commenced September 8th, 1854. Defendant pleaded the title which he afterwards proved, to the north-east quarter of the fourth league, and suggested improvements in good faith.

The plaintiff proved grant from the .State of Coahuila and Texas to Daniel Tyler, in 1835 ; deed from Tyler to David Wade, dated 30th October, 1846, recorded in Grimes county,

where the land lay, November 28th, 1846 ; (a question was made as to the formality of the proof of this deed, for record ; and the records of Grimes county were burned in 1848 ;) deed from Wade to Camp, the plaintiff in this suit, dated February 1st, 1854 ; recorded February 6th, 1854 ; the return of a survey ordered by the Court showing that the defendant resided on the north-east corner of the land claimed in the petition.

The defendant gave in evidence a deed for the north-east one-fourth of said quarter of a league, from John F. Crawford, as administrator of Daniel Tyler, dated January 27th, 1852 ; recorded in Grimes county, June 28th, 1852 ; the price paid being $155 ; the proceedings of the County Court of Harris county, showing Crawford's appointment as administrator of Tyler at March Term, 1851 ; that he was duly qualified as such ; and the petition for sale, order of sale, and return and confirmation of the sale to Hearn, the defendant.

Petition for grant of administration was as follows :

To the Hon. H. H. Allen, Chief Justice of Harris county : Your petitioner, John F. Crawford, respectfully represents that one Daniel Tyler died some time since in Texas, intestate; that said decedent was a transient person and had no fixed domicil ; that he left some property in the State which has been sold for taxes ; that your petitioner is a creditor to a considerable amount. He prays therefore that he may be appointed administrator of said estate of Daniel Tyler, deceased, according to law. He further alleges that there are no kindred of said deceased known to him.

The inventory stated that the land in Grimes county was all the property which had come to the knowledge of the administrator.

The defendant then proved that he took possession about the time of his purchase, and proved the value of the improvements made by him ; and the plaintiff proved the value of the rent.

The Court instructed the jury as to the effect of the sale by

Tyler in his life-time, and of the record of the deed ; that the County Court of Harris, from the face of the papers, had no jurisdiction of the estate of Tyler, and that the administrator's deed conferred no title ; and as to the claim for improvements, as stated in the Opinion.

The jury found for the plaintiff, and that he pay defendant $332 for his improvements. Judgment accordingly. Motion by defendant for new trial overruled, &c.


*J. W. Henderson,* for appellant.


HEMPHILL, CH. J. On the question of improvements the Court charged the jury, that if they found for the plaintiff as to the title, and that defendant took possession over a year before suit, and honestly believed that his own title was valid, and had such grounds therefor as a prudent man, of ordinary diligence, on inquiry would reasonably have, they should allow him the fair value of his improvements, after deducting the value of the rent and occupation of the lands from the time the plaintiff acquired his title from Wade, and defendant was in possession.

The appellant objects to this charge on the grounds,

1st. That it instructed the jury to allow the plaintiff rent for the use and occupation of the land by defendant, from the date of the plaintiff's purchase from Wade ;—and, the assignment should have added, from the time the defendant went into possession ; and these were the words and effect of the charge.

2nd. That the jury were instructed that the plaintiff was entitled to recover for the use and occupation at all.

In support of the assignments the appellant refers to the first and second Sections of the Act of February 2d, 1844, for the benefit of settlers in good faith, and to amend an Act to

provide a mode for trying titles to land. (Hart. Dig. Art. 3231, 3232.)

The first Section in effect declares, that if the jury find the defendant to be a possessor in good faith, and the verdict go in favor of the plaintiff for the land, the plaintiff shall not recover for the use and occupation of the premises prior to the filing of the suit.

By the second Section it is enacted, that the plaintiff shall not recover from the possessor in good faith, pay for the use and occupation, where the improvements have been made by the defendant or those under whom he claims, unless the plaintiff, prior to the institution of the suit, offered in good faith to refer the question of pay for improvements to arbitrators, and to give bond, &c., to comply with the award ; and also, that in case an award was rendered in favor of defendant, the amount was tendered to the defendant previous to the institution of the suit ; or unless the plaintiff can prove that he tendered to the defendant, previous to the institution of suit, pay sufficient for the improvements made in good faith by the defendant, or those under whom he claims by purchase or otherwise.

The question raised by the assignment was not suggested in the District Court. The defendant sought various charges to the jury, but none were to the effect that the plaintiff was not entitled to recover for the use and occupation except from the commencement of suit, or that the plaintiff was not entitled to recover any thing for rent, there being no proof of an offer by him previous to suit brought to pay for the improvements made in good faith, or to submit the question of pay for such improvements to arbitration.

If there be a mistake in the law in the charge as given, it was common as well to the counsel of the defendant as to the Court. We shall proceed to consider whether there be error as charged by the assignments of error.

The Act of February, 1844, professes, in its title, to be "for

the benefit of settlers in good faith," and its provisions are severely and energetically in conformity with the object and policy specified in the title. No doubt sound policy requires that a settler who honestly believes the land to be his own, should be protected in his labor and industry, and receive pay for lasting and beneficial improvements. This is demanded alike by the dictates of policy, and the principles of equity as recognized to a greater or less degree in the codes of civilized nations. (See Notes in Adams on Ejectment, 386, 391 ; 1 Maddox Chanc. 90 ; 4 Cow. Rep. 168 ; 2 Wash. Cir. Co. Rep. 165.)

And where, for the want of system, much of the public lands has been granted twice or more times, and the conflict has become so great, that without the judgment of a Court it cannot be ascertained who has the better title, the settler who through an honest though mistaken belief that he has a good title, has opened fields, built houses, and made improvements, is entitled to the most liberal protection, and possibly, under such circumstances, the rights of the real owner may not be entitled to much weight until fixed and ascertained by the judgment of the Court.

Under such circumstances, the provisions of the occupying claimant laws of Kentucky were held by the Courts of that State to be constitutional, though against the decisions of the Supreme Court of the United States in Green v. Biddle. (8 Wheaton, 1.) But such extreme legislation can only be justified by extraordinary circumstances. The tendency of legislation in favor of the settler, and as against the real owner, must have some limits. The lands of an individual cannot be taken for public use without compensation, much less can they be wrested from one man and given to another ; neither directly, nor indirectly by such clogs, restrictions and burthens upon his right of recovery, as to in a great measure destroy the value of the property itself.

A right to the land has been well said to imply a right to

the profits accruing from it, since without the latter the former can be of no value. Thus a devise of the profits of the land will pass the land itself. (Shep. Touchstone, 93; Co. Litt. 4; 8 Wheaton, 76.)

In the case of Scott v. Mather, 14 Tex. R., we have decided that the defendant, being a settler in good faith, is entitled to full payment for his improvements, though this might exceed in amount what was owing from the defendant for the use and occupation; and it is believed that the Legislature did not exceed its powers, when it declared, in the first Section of the Act of 1844, that there should be no recovery for the use and occupation prior to suit brought. Yet it is conceived that the Legislature transcended the limits of the Constitution, when they inhibited recovery for the rents, unless pay for the improvements was tendered before the commencement of suit, or there was a tender to submit the matter to arbitration. In the first place, the Legislature has no power to compel a litigant to submit any matter in dispute to arbitration; and in the second place, the provision is contradictory, repugnant, and suicidal in itself. The very question to be determined by the jury, on the trial, is, whether the settlement was in good faith. Upon this depends the settler's right to pay for improvements, at all; at least his right under the Statute. How then can the plaintiff be required, before he commences suit, to arbitrate the matter of improvements or pay for them, until it be determined on the trial that the defendant is entitled to compensation for such improvements? The provision is not only rigorous and harsh to such an extent as to be beyond the just limits of legislation, but is contradictory in itself, and as such should not be enforced. The conclusion, from the review of these Sections, is that the successful claimant can recover from the defendant for the use and occupation from the commencement of the suit; and that he is not required to tender pay for the improvements, or arbitration in relation to such pay, before he brings the suit, in order to entitle him to recover for

the rents and profits. There was error in so much of the charge as would authorize a recovery for the use from the commencement of possession by the defendant.

The other assignments do not require a particular notice.

The County Court of Harris county clearly had no jurisdiction over the estate.

The deceased had no property except in the county of Grimes ; and if he was a transient person, administration should have been taken in the county in which he died, or in which was his principal property. But if there had been jurisdiction, the sale could not have affected the prior right of the plaintiff.

There being error the judgment is reversed and the cause remanded.

Reversed and remanded.