BRYAN CALLAGHAN, COUNTY JUDGE, v. HENRY B. SALLIWAY.

No. 278.

1. **Mandamus.**—When a claim against the county has been allowed by the Commissioners Court and a warrant for its payment ordered to be drawn, a petition for mandamus to compel the issuance of the warrant can not be defeated on the ground that there is an adequate remedy at law by suit against the county. A condition precedent to such suit is the presentation of such claim to the Commissioners Court for allowance, and its rejection of the same.

2. **Judgments — Order of Commissioners Court.**—An order of the County Commissioners Court in auditing and allowing a claim against a county is a judgment, and is as conclusive of the county's liability as though the adjudication had been made by a court of general jurisdiction; and to avoid or set aside such order the jurisdiction of the District Court must be invoked; and it can not be collaterally attacked by the county judge in mandamus proceedings to compel him to sign warrant.

3. **Mandamus** will only lie against an officer to compel him to perform a duty which is clearly defined and enjoined by law, and purely ministerial; and where the county clerk is authorized to issue the warrant, mandamus will not lie against county judge to sign warrant.

4. **Construction of Statute.**—Article 998, Revised Statutes, provides that the county treasurer shall pay no money out of treasury unless upon a certificate or warrant from some officer authorized by law to issue same. *Held*, that by this statute the county judge is not the only officer vested with authority to issue a warrant on a claim allowed by Commissioners Court against the county. Article 986 does not impose upon the county judge alone the duty of signing warrants or claims allowed against the county. Appellee's claim was allowed by the Commissioners Court under a statute which provided they should direct its payment. It was not necessary to validity of warrant that the county judge should sign it. A warrant for the amount issued by the county clerk was sufficient to authorize the county treasurer to pay same.

APPEAL from Bexar. Tried below before Hon. GEORGE H. NOONAN.

*L. N. Walthall* and *Anthony W. Dillard*, for appellant.—1. A mandamus will only lie against an officer to compel him to do a duty that is

purely ministerial.    Cullem v. Latimer, 4 Texas, 329; Arberry v. Beaver, 6 Texas, 457; Glasscock v. Commissioners, 3 Texas, 53; Meyer v. Carolan, 9 Texas, 252; Railway v. Randolph, 24 Texas, 317.

2.  Appellee's warrant was a claim against Bexar County, and he should have instituted suit in the proper court and had his right judicially determined, and was not entitled to mandamus.  Rev. Stats., arts. 676, 677, and authorities above cited.

3.  Appellee's suit was for a mandamus to compel appellant, as county judge of Bexar County, to sign his warrant; and if he was entitled to have it signed, the Commissioners Court of Bexar County should have signed it, and they were necessary parties to this suit.   Rev. Stats., arts. 960, 975, 986, 998; Gaal v. Townsend, 77 Texas, 464; Cullem v. Latimer, 4 Texas, 334.

*Tarleton & Altgelt*, for appellee.—1.   The Commissioners Court having allowed appellant's claim, it was res adjudicata.   High on Ex. Legal Rem., 101, 104, 232, 351, 353.

2.  The Commissioners Court having allowed appellee's claim, he could not maintain his suit against the county; and said court having ordered its payment by issuing a warrant, were not necessary parties in a suit for a mandamus to compel the county judge to sign the warrant.

NEILL, ASSOCIATE JUSTICE.—The appellee brought this suit in the District Court of Bexar County, against the appellant, for a mandamus to compel him, as county judge of Bexar County, to sign and deliver a warrant in his favor on the treasurer of said county for $100.   Appellee alleged in his petition, that it was appellant's duty, as county judge, to sign all warrants authorized by the County Commissioners Court of Bexar County to be drawn upon and against funds belonging to said county in the hands of its treasurer, in order that the treasurer might be lawfully authorized to pay such warrants.   That on the 23rd day of February, 1893, and prior thereto, the Commissioners Court of Bexar County duly made and entered an order and judgment on the minutes of said court ordering that a warrant be issued by the county clerk of Bexar County in favor of appellee for the sum of $100; that he then requested appellant to sign said warrant in his official capacity, as it was his legal duty to do, but that he, without lawful excuse, failed and refused to sign the same, and thereby prevents the proper and lawful order and judgment of the County Commissioners Court from taking effect. By reason whereof he is deprived of the value of said warrant, which he avers to be of the value of $100, and he is prevented from obtaining said money, which he alleges he is justly and lawfully entitled to.

The appellant filed, first, a general exception to the petition; and second, excepted specially, upon the grounds (1) that it appears from plaint-

iff's own showing that said $100 is a claim against the county, and that petitioner has another and adequate remedy for the recovery of the same, if he be entitled thereto, to-wit, a suit in a court having jurisdiction thereof; (2) that neither the Commissioners Court nor the members thereof were parties to this suit, and if he is entitled to have his voucher signed, then the members of the court are authorized and empowered to sign the same; and (3) that it appears from petitioner's own showing that said claim for $100 is a claim against the county, and it is not averred and does not appear that said claim has been duly registered as the law requires.    And third, by special plea, in which he averred, "that the said claim of $100 is a claim for superintending the erection and construction of the county court house for said county; that such employment of plaintiff is without authority and void, in that the County Commissioners Court has employed by a contract in writing another and a different person to superintend the said erection and construction, etc., and that said contract is still in full force and effect, and that while such contract is in force there is no authority of law to employ another superintendent to perform the same services," etc.

The special plea of defendant was excepted to by plaintiff, which exception was sustained.    The general and special exceptions to plaintiff's petition were all overruled.

The case was tried by the court without a jury, and judgment rendered awarding appellee a peremptory writ of mandamus against appellant, requiring him, as county judge of Bexar County, and as ex officio presiding officer of the Commissioners Court of said county, to sign the warrant as prayed for; from which judgment this appeal was taken.

The action of the court in overruling defendant's general and special exceptions to plaintiff's petition, and in sustaining plaintiff's exception to his special answer, is assigned by appellant as error.

*Conclusions of Fact.*— 1.  On the 17th day of November, 1892, the County Commissioners Court of Bexar County, by an order entered upon its minutes, appointed Henry B. Salliway superintendent of construction of the new county court house, agreeing to pay him $100 per month for his services, and he thereupon entered upon the discharge of his duties under said appointment, and was paid for his services by warrants drawn on the county treasurer and signed by the county judge, up to January 16, 1893.

2.  That on the 17th day of February, 1893, he made out his account of $100 for services as superintendent of construction of the new county court house of Bexar County, extending from January 17, 1893, to February 16, 1893, and presented it to the county clerk of said county, who made out a warrant on the county treasurer for said amount, and pre-

sented it to Bryan Callaghan, county judge, for his signature, which he refused to sign.

3. After appellant refused to sign said warrant, the appellee presented his said account of $100 for such services as a claim against Bexar County to the County Commissioners Court of said county for approval and allowance, which court, on the 23rd day of February, 1893, by an order entered upon its minutes, duly approved the same and ordered the county clerk to draw a warrant of the county for the amount, payable to Salliway out of the court house fund.

4. After the order approving said account, a warrant was drawn under authority of said order by the clerk and presented to the appellant for his signature, which he refused to sign, giving his reason for his action, that a Mr. Gordon had been employed as architect and superintendent of the county court house, and that there was no law for employing Mr. Salliway.

5. Bryan Callaghan was at the time said warrant was presented to him for his signature, and is now, the county judge of Bexar County, Texas.

*Conclusions of Law.*—From these facts it appears to us that the appellee was entitled to a certificate or warrant from some officer authorized by law to issue the same on the county treasurer for his money. It will not do to adopt as law the contention of appellant, that he should have instituted his suit against the county for the amount, and had his right to it judicially determined. A condition precedent to a suit against a county is that the claim upon which it is founded must be presented to the County Commissioners Court for allowance, and the court have neglected or refused to audit or allow the same. Rev. Stats., art. 677.

Appellee so presented his claim, and it was audited and allowed by the court, and by such action of the court he was not able to meet the condition necessary to enable him to institute and maintain his action, nor was a suit against the county necessary. By article 1514, Revised Statutes, County Commissioners Courts are given the power to audit and settle all accounts against the county and direct their payment. This power of the court was invoked by the appellee on his claim, and the court, in the exercise of it, made the order allowing it, referred to in our findings of fact. The effect of this order is a judgment, having all the incidents and properties attached to a similar judgment pronounced by any regularly created court of limited jurisdiction acting within the bounds of its authority, and the action of the court on the claim is res adjudicata, and is as conclusive of the county's liability as though the adjudication had been made by a court of general jurisdiction. 2 Freem. on Judg., sec. 531. By article 5, section 8, of our Constitution, it is provided, that the District Court shall have appellate jurisdiction and general supervisory control over the County Commissioners Court, with such

exceptions as may be prescribed by law.   To set aside or avoid the effect of an order of the County Commissioners Court auditing and allowing a claim against a county, this jurisdiction of the District Court must be invoked in the proper manner by an appropriate proceeding; and until it is done, the action of the County Court must stand as a judgment, and can not be collaterally attacked by the District or any other court.

What we have thus said is in effect to hold that appellant's assignments of error to the court's overruling the first and second special exceptions of defendant to plaintiff's petition, as well as his assignment to the court's sustaining plaintiff's exception to his answer, are not well taken.

Nor was there any error in the court's refusing to sustain defendant's third special exception to plaintiff's petition.   It is not contemplated by article 960, Revised Statutes, that claims against a county shall be registered by the treasurer unless they are such upon their face as he is authorized to pay off; for article 966 requires him to pay off the claims in each class in the order in which they are registered.

The first assignment of error is, that "the court erred in overruling defendant's general exception to plaintiff's petition, because it is insufficient in law to require him to answer thereto;" and the sixth is, "the court erred in rendering judgment in favor of plaintiff, and awarding him a writ of mandamus, because, under the facts of the case, the plaintiff was not entitled thereto."

These assignments involve substantially the same question; for the plaintiff having proved everything he alleged, his proof entitled him to the writ if his allegations were sufficient.

Article 998, Revised Statutes, prohibits the county treasurer from paying any money out of the county treasury except in pursuance of a certificate or warrant from some officer authorized by law to issue the same, and makes it his duty, if he has any doubt of the legality or propriety of any order, decree, certificate, or warrant presented to him for payment, not to pay it, but to make report thereof to the County Commissioners Court, for their consideration and direction.   The question arising from this statute, is the county judge an officer authorized by law to issue a certificate or warrant on a claim against the county, which has been audited and allowed by the Commissioners Court?   And if so, is he the only officer vested with such authority ?   If these questions should be answered in the affirmative, we should be strongly inclined to hold, that if such exclusive authority devolved upon him, it is a duty purely ministerial, which, upon his failure to discharge, he could be compelled to by a writ of mandamus.   For if an officer upon whom is imposed the exclusive duty of issuing such certificate or warrant should arbitrarily or carpriciously disregard it, and could not be forced to discharge the duty, claims against the county, which are in effect judgments against it, would be rendered valueless by the arbitrary and capricious action of the county

judge, and a county thus prevented from discharging its obligations and carrying out its contracts.

It is contended by appellee, that the duty of signing warrants upon claims against a county which are audited and allowed by the Commissioners Court is imposed by article 986, Revised Statutes, which provides, that "all warrants or scrip issued against the county treasurer by any judge or court shall be signed and attested by the clerk or judge of the court issuing the same, under his official seal," etc. To give such effect to the statute, it is argued by appellee's counsel, that the word " or " between the words " clerk " and " judge " should be construed to mean " and." This statute must be so construed, if practicable, as to harmonize with other statutes in relation to the payment of demands or claims against a county. Upon examination of these statutes, it will be seen that the payment of certain demands against counties are required to be paid out of the county treasury upon the certificate of the judge, as in article 983, Revised Statutes, and article 1070, Code of Criminal Procedure. Others are required to be paid upon the certificate of the clerk, as in article 3105, Revised Statutes, and article 1085, Code of Criminal Procedure. There are many other statutory provisions of the same character, but those referred to are sufficient to show that some claims are required to be paid on the certificate of the judge, and others on the certificate of the clerk; which shows that to give the word " or " the meaning contended for by appellee, the statute quoted would be inconsistent with other statutes on the same subject.

If the words in the statute are given their usual, ordinary, and accepted meaning, it is not ambiguous nor inconsistent with other statutes relating to the same subject.

Other statutes are found that provide that certain accounts shall be examined by the Commissioners Court, and if allowed, it shall order a draft to be issued for the amount upon the treasurer; and others that are silent as to what shall be issued on the treasurer. The statute under which appellee's claim was allowed simply provided that the Commissioners Court should *direct its payment.* The order of the court directed the county clerk to draw a warrant of the county for the amount in favor of the appellee. There is no statute requiring the county judge to sign warrants issued upon claims audited and allowed by the County Commissioners Court; and we do not think that it is necessary to the validity of such a warrant that he should sign it.

The county clerk is the ex officio clerk of the County Commissioners Court, and keeps a record of its proceedings; and when a claim is allowed against a county, a certified copy of the order from the minutes of the court, attested and signed by the county clerk, under the seal of the County Commissioners Court, is all that is required or necessary to authorize the county treasurer to register and pay the claim.

From this it follows, that appellee has the right to apply to and demand from the county clerk such certified copy of the allowance of his claim; and it not appearing that he had made such application or demand on the clerk, or that the clerk has refused to issue such certificate to him, it is clear that he has not exhausted his remedy, and is not therefore entitled to a mandamus against the appellant.

The judgment of the District Court is reversed, and judgment here rendered for appellant.

*Reversed and rendered.*

Delivered November 8, 1893.

Chief Justice James did not sit in this case.