School Trustees of District No. 25, Harris County, v. John
Farmer, County Treasurer, et al.

Decided March 8, 1900.

### 1.  Public School Taxes—Assessor's Commission.

The provision in article 3945, Revised Statutes, that "the tax assessor shall receive a commission of 1 per centum for assessing such [district school] taxes," means 1 per centum of the taxes, and not 1 per cent on each $100 valuation of the property assessed, as allowed by article 5133 for the assessment of general State and county taxes.

### 2.  Same—Allowance of Account by Commissioners Court.

Although, under article 1537, subdivision 8, of the Revised Statutes, giving the commissioners court authority "to credit, adjudge, and settle all accounts against the county and direct their payment," such court acts judicially in allowing the assessor's claim for commissions due him for assessing district school taxes and directing a warrant to issue therefor, yet where it exceeds its authority by allowing more than the statute distinctly limits, its order is void and subject to collateral attack in an action to recover back the excess so allowed and paid.

### 3.  Same—County Treasurer's Liability.

While the county treasurer is ordinarily justifiable and to be protected in paying a county warrant drawn on him by the proper authority, he will not be so protected where he fails to act in good faith and to exercise care and prudence to make no payment for which the county should not be held liable, as where he pays a warrant which he knows to be in excess of the amount for which the county is legally liable; nor should he pay a warrant drawn against the school fund which has not the approval of the county superintendent indorsed thereon.

Appeal from the County Court of Harris.  Tried before Hon. F. S. Burke, Special Judge.

*R. L. Whitehead,* for appellants.

*Ben Campbell* and *Sterling Meyer,* for appellees.

GARRETT, Chief Justice.—The trustees of school district No. 25 of Harris County brought suit in Justice Court of precinct No. 1 of said county against John Farmer, the county treasurer, to recover an excess of money paid to George H. Hermann as assessor of taxes for assessing the school taxes of said district.  It was claimed that the assessor was only entitled to a commission of 1 per cent on the amount of the taxes assessed.  He was allowed 10 per cent thereof by the Commissioners Court, and the money was paid to him on a county warrant which included that and other amounts allowed the assessor by the Commissioners Court.  The treasurer, Farmer, impleaded Hermann, and the appellants amended their pleading and asked for a recovery against both Farmer and Hermann.  Appellees obtained judgment in both of the lower courts.

The amount of commissions the assessor was entitled to receive must depend upon the proper construction of article 3945 of the Revised Statutes.  That article provides for the levy by the commissioners court

of school district taxes, and the assessment and collection thereof. So much of the article as is pertinent to the question here involved reads as follows: "The tax assessor shall assess, and the tax collector shall collect, said district taxes as other taxes. The tax assessor shall receive a commission of 1 per centum for assessing such tax, and the tax collector a commission of 1 per centum for collecting the same. The tax collector shall pay all such taxes to the county treasurer, and said treasurer shall credit each school district with the amount belonging to it, and pay out the same as other school moneys."

For the assessment of the property in his county under the law for the assessment of State and county taxes, the compensation of the assessor is fixed upon each $100 valuation thereof. Rev. Stats., art. 5133. The commissioners, in fixing the commission of the assessor for the assessing of the school district taxes, took the rate of 1 per centum allowed the assessor by article 3945 and applied it as 1 cent to the $100 valuation adopted in fixing the compensation in article 5133, which makes a very material difference, as the figures will show. The entire value of all property assessed for taxation in school district No. 25 for the year 1895 was $2,148,884. The tax levied and assessed upon the property in the district was 10 cents upon the $100 valuation, which amounted to $2148.88. If the compensation of the assessor should be fixed at 1 cent on each $100 valuation of property, it would be $214.88, but 1 per centum of the taxes assessed would be only $21.48. There can be no doubt about the construction that should be given to the language of article 3945 fixing the commission of the assessor. It is clear that 1 per cent of the taxes assessed is the amount allowed, and the assessor received the difference between $214.88 and $21.48 in excess of the amount that he was entitled to receive. The language of the statute is unambiguous, and evidences a clear intention on the part of the Legislature to fix the compensation of the assessor at 1 per cent of the taxes assessed. There is no occasion to invoke official construction, nor can the fact that it has cost the assessor more to prepare the rolls for the first year affect the evident meaning of the statute.

But it is contended that the order of the Commissioners Court fixing the amount at $214.88 is an adjudication of the question,—is a judgment that can not be collaterally attacked, and can only be set aside or revised by proper appellate proceeding. The district court has appellate jurisdiction over the commissioners court. Const., art. 5, sec. 8. But there has been no legislation making provision for the exercise of such jurisdiction except in the case of damages assessed for land taken for public roads. Rev. Stats., art. 4677. Its jurisdiction might, however, be invoked by certiorari. There is some conflict of authority as to the conclusiveness generally of the orders and judgments of the commissioners court. In matters involving discretion, of which the court has jurisdiction, they are held to be conclusive. City of Fort Worth v. Davis, 57 Texas, 236; Callahan v. Salliway, 5 Texas Civ. App., 242; 7 Am. and Eng. Enc. of Law, 2 ed., 1009, and authorities cited in note 7. By

article 1537, subdivision 8, of the Revised Statutes, the commissioners court is given authority "to audit, adjust, and settle all accounts against the county and direct their payment." In this the court exercises a judicial function, and when it has exclusive jurisdiction its judgment is conclusive unless appealed from or reversed in the mode prescribed by law. Callahan v. Salliway, supra; 7 Am. and Eng. Enc. of Law, 2 ed., 1003, and note 1. But where the commissioners court attempted to credit and allow accounts not legally chargeable against the county, it is an act in excess of jurisdiction, and is void. McKinney v. Robinson, 84 Texas, 496; 7 Am. and Eng. Enc. of Law, 2 ed., 1003, note 1. It has been held that a settlement of an account by a county board is not more sacred than a settlement between individuals. 15 Am. and Eng. Enc. of Law, 1220, note 4. Judge Dillon, in Shirk v. Pulaski County, 4 Dill., 209, gives as the true rule the one that seems to have been adopted by the Supreme Court of this State in McKinney v. Robinson, supra. He says: "Within the limits of their power, as conferred by statute, the action of the county court, in determining the amount due a creditor of the county, in the absence of fraud, or perhaps mistake, binds the county; but the county court can not bind the county by ordering a claim to be paid, which is not made a county charge by statute, or by allowing more than the statute distinctly limits, or by an allowance in the face of the statutory prohibition."

Since the law allowed the assessor a commission of only 1 per cent of the taxes assessed by him upon the property in school district No. 25, the Commissioners Court exceeded its authority in allowing him more, and in doing so it acted without jurisdiction of the matter, and its order making the allowance was void and subject to collateral attack. It is no defense in a suit against the assessor by the trustees of the district for the amount paid him in excess of the commission fixed by the statute. See also authorities cited in 1 Dill. Mun. Corp., 3 ed., sec. 502, note 1; sec. 503, note 3; sec. 504, note 1.

As to the treasurer, he paid the amount ordered by the Commissioners Court upon a warrant drawn by proper authority. County warrants are prima facie evidence of an existing and a matured debt. Leach v. Wilson County, 62 Texas, 332; Rev. Stats., arts. 876, 852. They are prima facie valid, but open to defenses. 1 Dill. Mun. Corp., secs. 487, 502. It is the duty of the county treasurer to receive all moneys belonging to the county and to pay and apply the same as required by law, in such manner as the commissioners court of his county may direct. Rev. Stats., art. 926. Mandamus will ordinarily lie to compel him to pay a county warrant; but on account of the discretion vested in him by article 930 of the Revised Statutes, where he has any doubt of the legality or propriety of an order, decree, certificate, or warrant presented to him for payment, not to pay the same, but to make report thereof to the commissioners court for their consideration and direction, it has been held in this State that mandamus will not lie to compel the treasurer to pay a warrant the payment of which has been

prohibited by that court. Walker v. Barnard, 8 Texas Civ. App., 17. In this decision the Court of Civil Appeals for the Fourth District refused to follow Johnson v. Campbell, 39 Texas, 83, which holds that the treasurer has no discretion, but must pay a warrant drawn in accordance with law, and that mandamus will lie to compel him to do so. If, after report to the commissioners court, it should direct the claim to be paid, it may be at least questionable if the treasurer has any further discretion as to payment. When the treasurer has no reason to doubt the legality or the propriety of a warrant presented to him for payment, it is his duty to pay it, and having paid it in the discharge of his duty, he ought not to be held liable to the fund out of which it has been paid. He must, however, act in good faith and exercise care and prudence to make no payment for which the county or school district should not be held liable. The treasurer was presumed to know the law that the assessor was only entitled to a commission of 1 per cent of the taxes levied and assessed, but it does not appear that he knew what amount had been levied, or what the assessed value of the property in the district was, and it seems also that the warrant paid embraced other items. Whether or not he should be protected in the payment would be a fact to be determined by his care and good faith. He should take care to see that the warrant has been drawn by the proper authority and in accordance with law. He can not have credit for a warrant issued for an illegal claim if he has reason to believe the demand for which it was issued was in fact illegal. Article 3945, cited supra, provides that "the tax collector shall pay all such taxes to the county treasurer, and said treasurer shall credit each school district with the amount belonging to it, and pay out the same as other school moneys." Article 3929 of Sayles' Revised Statutes, creating the office of county superintendent, defines his duties and provides that he shall approve all vouchers legally drawn against the school fund of his county. Art. 3929, subdiv. (c).

It does not appear from the record that the warrant in this case was not so approved, and for that reason, as well as for the further reason that the objection is made for the first time in this court, the third assignment of error can not be considered as a ground for reversal of the judgment below; but in view of another trial it is deemed proper to call the attention of the trial court to the fact that in order to protect the treasurer in the payment of the warrant it should have the approval of the county superintendent written thereon. McCormick v. Bay City, 23 Mich., 457; School District v. Mallory, 23 Mich., 111.

The judgment of the court below is reversed and the cause remanded for another trial in accordance with the views herein expressed.

*Reversed and remanded.*