SLAUGHTER, County Treasurer, v. KNIGHT, County Com'r, et al. (No. 78.)

(Court of Civil Appeals of Texas. Beaumont. Feb. 17, 1916.)

1. COUNTIES ⬤➡98(1)—OFFICERS—LIABILITY OF OFFICIAL BOND—STATUTE.

Under Sp. Acts 28th Leg. c. 25 (Special Road Law for San Augustine County) § 1, providing that the members of the commissioners' court of the county shall be ex officio road commissioners of their respective districts, and that one shall, before entering upon the duties of his office, in addition to his required bond as commissioner, execute a bond of $1,000, with sureties, conditioned that he shall faithfully perform all duties required of him by law or the commissioners' court, etc., the sureties on the official bond of a county commissioner as such were not responsible for his illegal drawing or receiving money from the county as ex officio road commissioner.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 141, 142; Dec. Dig. ⬤➡98(1).]

2. COUNTIES ⬤➡101(6)—OFFICERS—LIABILITY FOR DEFAULT—PLEADING AND PROOF.

In suit by the treasurer of San Augustine county, where the petition showing upon its face an action laid against a county commissioner and the sureties on his bond for the unlawful collection of moneys as such commissioner, does not warrant recovery against him individually for defaults committed by him as ex officio road commissioner under the special road law for the county (Sp. Acts 28th Leg. c. 25).

[Ed. Note.—For other cases, see Counties, Cent. Dig. § 157; Dec. Dig. ⬤➡101(6).]

3. COURTS ⬤➡120—DISTRICT COURTS—JURISDICTIONAL AMOUNT.

The district court had no jurisdiction of the county treasurer's suit against a county commissioner to recover $120 unlawfully collected from the county; the amount being below its jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413–436; Dec. Dig. ⬤➡120.]

4. COUNTIES ⬤➡101(6)—LIABILITY OF OFFICER—ILLEGAL COLLECTION OF MONEY—PLEADING.

In suit by the treasurer of San Augustine county against a county commissioner and his sureties to recover moneys unlawfully collected, the allegation of the petition "that said account [of parties for road work] was approved and ordered paid by the county commissioners' court, and on the same date county warrant No. 477 was issued and delivered to said defendant in payment therefor, and that said warrant was paid on the same date by treasurer's check No. 390," was insufficient as failing to charge that the warrant was issued in favor of defendant commissioner, that he collected it, or that he had pecuniary interest in it.

[Ed. Note.—For other cases, see Counties, Cent. Dig. § 157; Dec. Dig. ⬤➡101(6).]

5. COUNTIES ⬤➡206(1)—CLAIMS—ALLOWANCE—CONCLUSIVENESS—VOID ORDER—STATUTE.

Under Const. art. 5, § 8, providing for appeals from commissioners' courts to district courts with such exceptions as may be provided by law, and in view of Vernon's Sayles' Ann. Civ. St. art. 6866, providing for an appeal to the district court from a judgment of the commissioners' court, assessing damages after tak-

ing land for public roads, the only provision for appeal from a judgment of the commissioners' court to the district court, where the commissioners' court of San Augustine county ordered and allowed to a county commissioner without legal authority amounts claimed by him in connection with roadwork, such judgment of the commissioners' court, in excess of its jurisdiction, allowing and ordering illegal warrants, was subject to collateral attack.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 322, 323, 326, 327; Dec. Dig. ⬤⟾ 206(1).]

Appeal from District Court, San Augustine County; A. E. Davis, Judge.

Suit by G. W. Slaughter, Treasurer of San Augustine County, against W. K. Knight, County Commissioner of Precinct No. 1, and others. From a judgment for defendants, plaintiff appeals. Affirmed.

J. W. Minton, of Hemphill, and T. H. Downs, of San Augustine, for appellant. Davis & Ramsey, of San Augustine, for appellees.

MIDDLEBROOK, J. This is a suit, brought in the district court of San Augustine county, Tex., by the county treasurer, against W. K. Knight, county commissioner of precinct No. 1, said county, and the sureties on his official bond, as county commissioner of precinct No. 1 of said county, alleging unlawful collection and holding of money belonging to said county by said commissioner. The suit is brought under special road law for said county, enacted by the Twenty-Eighth Legislature.

The charges are: (1) That he collected $30 at the end of each quarter, or $120 for the year 1911, as county commissioner of said county for reviewing, etc., the public roads of said county, when under the special road law for said county, he could collect only $30 for the entire year; (2) that he collected $78 for work done on roads by Teel and Hanks, and that such collection was without warrant of law; (3) that he collected $12 for letting and receiving bridges, and such collection was without warrant of law. Plaintiff also alleged presentation by said Knight of these different claims to the commissioners' court of said county, the approval of said claims by the commissioners' court, issuance of warrants by said court on the county treasurer, and payment of the same by the county treasurer of said county. The total amount charged to have been illegally collected is $120. The petition alleges, also, the election of said Knight as commissioner of precinct No. 1 for said county, his qualification as such official, and the execution of the statutory bond by him for the sum of $3,000 as such officer, with Sam Parker and John Thompson, Jr., sureties on the bond, and the approval of the bond by the commissioners' court, and pleaded the bond in hæc verba. The bond is for the faithful performance of his duties as county commissioner.

Defendant Knight answered by general and special exception and general denial. The exceptions are to the effect: (1) That defendant is charged with liability as a road commissioner under act of the Twenty-Eighth Legislature, but the petition fails to show that he qualified as such commissioner; (2) that under the special road law for San Augustine county, county commissioners are made ex officio road commissioners, and such commissioners are required to qualify and give bond in the sum of $1,000 for faithful performance of duty and properly accounting for all moneys, tools, and property of the county coming into the possession of such ex officio road commissioner; (3) that the petition fails to show lack of authority of the commissioners' court to pay the sums of money charged to have been illegally received; (4) that the petition fails to show wherein or how the defendant is liable to the county for the money claimed; (5) that the petition showed voluntary payment by the commissioners' court of the money charged to have been illegally collected; (6) that the petition showed payment of the various sums by the commissioners' court, but failed to charge the receipt of such money as a part of the defendant's special duty, and that he violated, the conditions of his official bond to faithfully perform his duty as county commissioner, as required of him under the law.

Defendants Parker & Thompson adopted the answer of defendant Knight, so far as applicable, and urged further special exception to the effect that the petition charged them as sureties on said Knight's bond as county commissioner, etc., and as such sureties liable for said money, but that the Twenty-Eighth Legislature had made a special road law for San Augustine county, which was then in force, and said law created the office of road superintendent for said county, and, in the absence of appointment of such superintendent, making the county commissioner ex officio road commissioner of said county, and requiring them to give bond as such in the sum of $1,000 for faithful performance of duty and properly accounting for all property of the county coming into the possession of such ex officio road commissioner; and that such bond was another different and additional bond to the bond as required under the law, in the sum of $3,000 for a county commissioner, and that such bond as ex officio road commissioner was made payable to the county judge of San Augustine county for the benefit of the road and bridge fund of said county; and that the petition failed to show the qualification of said Knight as such ex officio road commissioner and his execution of bond as such commissioner; and that the petition sought to hold them liable for acts of the county commissioner, which could have been performed, under the law, only in his capacity of ex officio road commissioner.

The honorable trial court sustained the

exceptions to the petition, and the only assignment of error presented for our consideration is:

"The court erred in sustaining the general exceptions of the defendant to the plaintiff's petition."

But one proposition is presented under this assignment, which is as follows:

"The facts set out in plaintiff's petition show a good cause of action against appellees, and the cause should have been heard on its merits."

To support this proposition, appellant cites Special Laws of Texas, Twenty-Eighth Legislature, 1903, p. 149, §§ 14, 16.

"Sec. 14. Each county commissioner, when acting as road commissioner, shall be entitled to $2.00 per day for services actually performed; provided, that he shall not receive more than $30 per quarter. Said per diem shall be paid out of the road and bridge fund, when the account shall have been approved by the commissioners' court, and the court shall not approve said account unless the commissioner presenting it shall make oath that the account is just, due, and unpaid, and said account shall specify the number of days' work actually performed by him, and that it was necessary to be done under the circumstances, and if he worked only a part of a day, the number of hours worked shall be stated, and no commissioner shall be entitled to pay as road commissioner, either for himself or deputy, while he is performing the duties of county commissioner, nor shall he receive any additional pay than that provided by this section for inspection of his road, or other road service."

"Sec. 16. The office of county superintendent of public roads and bridges is hereby created, and the commissioners' court of San Augustine county may at its first regular term after this law shall have taken effect appoint a county superintendent of public roads and bridges, who shall hold his office until removed by said court, in which case there shall be another appointed to fill such vacancy. Such county superintendent of roads and bridges shall be a person of good character, executive ability, and versed in road working, and shall be a freeholder in the county of San Augustine. Such superintendent shall have charge of, shall direct the labor of county convicts when doing road duty, and all the hands placed under him, and may through the direction of the commissioners' court employ other hands to labor on the public roads, provided, that such hand or hands shall not cost at the rate of more than $1.00 per day. * * * Such county superintendent of public roads and bridges, before entering upon the discharge of his duties, shall take the oath of office prescribed by law, and shall enter into a bond in the sum of $2,000, with two or more good and sufficient sureties, to be approved by a commissioners' court, and * * * to be filed by the clerk of San Augustine county and his successors in office in trust for the road and bridge fund of San Augustine county, and to be conditioned for the faithful performance of all the duties of his office. * * * That when a county superintendent of public roads is appointed the county commissioners shall receive no compensation as road commissioners, except $30 for inspecting the road once a year."

[1] It is to be noted that section 1 of the special road law for San Augustine county provides:

"That the members of the commissioners' court of San Augustine county shall be ex officio road commissioners of their respective districts and under the direction of the commissioners' court shall have charge of all teams. * * * Each of said commissioners shall before entering upon the duties of his office, in addition to his regular bond as commissioner, execute a bond of $1,000 with two or more good and sufficient sureties, payable to the county judge * * * for the use and benefit of the road and bridge fund; conditioned that he shall well and faithfully perform all the duties required of him by law, or by the commissioners' court * * * and that he will account for all money or property belonging to the county that may come into his possession; * * * that county commissioners shall not be allowed any commission when a deputy road commissioner has been appointed."

Under this law it is clear that the bondsmen of County Commissioner Knight, sued in this case, could not be responsible for any of his acts as ex officio road commissioner. It is also clear that the suit is one based upon allegations of illegal drawing or receiving money from San Augustine county as such road commissioner; for under this law if no road superintendent is appointed, the several county commissioners are made ex officio road commissioners, and are required to give another and different bond as such official, for another and different purpose, and with different conditions in said bond. This being true, it could not be argued that bondsmen for him as county commissioner could be held liable for any illegal act or drawing of money from the county by such county commissioner, when acting in matters in which the law succinctly makes him another and different officer, to wit, ex officio road commissioner.

[2] There is an alternative plea in this case, asking for judgment against County Commissioner W. K. Knight individually, if it should be found that he and his sureties are not jointly liable. We do not believe the pleadings in this case would warrant such finding, because the petition shows upon its face a different action pleaded from the one that would have to be proved; i. e., an action laid against a county commissioner, when the facts pleaded show that all the proof that could be introduced would be as to acts of another and different officer, under a different bond, for a different amount, and providing for different conditions under the special road law for San Augustine county.

[3] Again, if the bondsmen, Parker & Thompson, are not liable under the pleadings, as we have already determined, then it would necessarily follow that the district court was without jurisdiction to try the case and render any judgment against County Commissioner Knight, for in such case, the amount, $120, is below the jurisdiction of the district court.

[4] In paragraph 9 of plaintiff's petition, he alleges that W. K. Knight presented his account to the commissioners' court for $28 for work on roads with Teel & Hanks, and also $40 for 20 days' work on roads with Teel & Hanks, and again $10 for 5 days' work with Teel & Hanks, giving the date of the presentation of such claim, its allowance, the warrant number, and the payment of the warrant by the county treasurer. These

amounts, added to the amount alleged to have been drawn for three-quarters of the year 1911 by Commissioner Knight, illegally, in absence of the suit being upon the official bond of County Commissioner Knight, would not make a sufficient amount to give the district court jurisdiction; but if the amount was sufficient, after adding the vouchers in favor of Teel & Hanks to the amount which was audited to County Commissioner Knight himself, under the pleadings of this case, the general exception was well taken, because the pleadings nowhere charge that County Commissioner Knight had any interest in nor were the vouchers for Teel & Hanks assigned to him or that he was in any pecuniary way affected by such vouchers, or the money in payment of them. One cannot tell from reading the petition but that County Commissioner Knight drew the warrants of Teel & Hanks and cashed them, and delivered the money to Teel & Hanks, or that he employed Teel & Hanks to do the work, put in an account for them, drew the warrant, and delivered it to Teel & Hanks, or drew the warrant, cashed it, and delivered the money to Teel & Hanks. The exact verbiage of the allegation as to the cashing of said warrants is as follows:

"That said account was approved and ordered paid by the said court, and on the same date, county warrant No. 477 was issued and delivered to said defendant in payment therefor, and that said warrant was paid on the same date by treasurer's check No. 390."

The same allegation is made as to the different vouchers charged. Such allegation does not charge that the warrant was issued in favor of County Commissioner Knight. It does not charge that he collected the warrant, nor does it charge that he had any pecuniary interest in the warrant, and therefore fails to charge a cause of action against him; and we think there was no error by the honorable trial court in sustaining the exception; and appellant's assignment of error is therefore overruled.

[5] Appellees present a counter proposition to the affect that the several amounts charged to have been illegally collected by Commissioner Knight as shown by the petition, having been allowed and adjudicated by the commissioners' court, and the judgment of said court regularly entered, such judgment and action of the court is res adjudicata of the subject-matter, and is not subject to collateral attack. We do not agree with this assumption of the law, but, on the contrary, hold that if the several amounts allowed by the commissioners' court to the county commissioner were not provided for by law, and the commissioners' court acted without legal authority in auditing and allowing said amounts, in such event the court exceeded its authority and jurisdiction, and such judgment of the court, allowing and ordering such illegal warrants, is subject to collateral attack. There is a variance in authorities on this subject; but we think this has been settled by our Supreme Court. Article 5, § 8, of the Constitution of Texas provides for appeals from commissioners' courts to district courts, "with such exceptions and under such regulations as may be provided by law." Article 6866, Vernon's Sayles' Civil Statutes, provides for appeal from a judgment of a commissioners' court, assessing damages for taking land for public roads, to the district court. This, so far as we have been able to find, is the only provision by the Legislature for appeal from a judgment or order of the commissioners' court to the district court. So, in the instant case, there is no appeal provided by law from the judgment of the commissioners' court, allowing the several amounts complained of to Commissioner Knight; and, such being the case, if they were illegal claims, they could not be legally allowed by the commissioners' court; and if they were not legally allowed, the commissioners' court's action was a nullity, and the order void, and therefore subject to collateral attack. McKinney v. Robinson, 84 Tex. 496, 19 S. W. 699.

The action of the trial court is affirmed.

---

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes