

# The Attorney General of Texas

March 31, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Mike Westergren
Nueces County Attorney
Nueces County Courthouse
Corpus Christi, Texas 78401

Opinion No. H-1148

Re: Duty of County Treasurer with respect to a special "flash money" fund for law enforcement purposes.

Dear Mr. Westergren:

You have requested our opinion regarding the duty of the county treasurer with respect to a special "flash money" fund for law enforcement purposes.

On November 15, 1977, the commissioners court of Nueces County authorized the establishment of a special account in the amount of $50,000 for use by the sheriff as "flash money" in the enforcement of the narcotics laws, and directed the issuance of a check in that amount to activate the account. The county treasurer, exercising his discretion under article 1713, V.T.C.S., declined to countersign the check. On November 22, the commissioners court directed the treasurer "to countersign or affix his signature to" the check. The following day, as the result of a mandamus action brought against the treasurer, a district court ordered him to approve the check. The propriety of the district court's order is not in issue, and the questions raised in that proceeding, including those relating to the validity of the establishment of the fund, cannot be presented to the Attorney General. See Gussett v. Nueces County, 235 S.W. 857, 860 (Tex. Comm'n App. 1921, jdgmt adopted); Attorney General Opinion H-171 (1973); O-1847 (1940). The treasurer subsequently complied with the order. You ask whether the treasurer has any further duty or liability with regard to the special fund.

Article 1709, V.T.C.S., describes the duties of the county treasurer:

The County Treasurer, as chief custodian of county finance, shall receive all moneys belonging to the county from whatever source they may be derived; keep and account for the same in a designated depository or depositories; and pay and apply or

> disburse the same, in such manner as the Commissioners Court may require or direct, not inconsistent with constituted law.  Said court may provide funds for adequate personnel and proper media that would enable the treasurer to perform such constituted duties.  Upon failure to perform such duties the treasurer shall be guilty of dereliction of duty and subject to prosecution.

Article 1714, V.T.C.S., further requires the treasurer to

> examine the accounts, dockets and records of the clerks, sheriff, justices of the peace, constables and tax collector of his county, for the purpose of ascertaining whether any moneys of right belonging to his county are in their hands which have not been accounted for and paid over according to law, and shall report the same to the commissioners court at their next term, to the end that suit may be instituted for the recovery thereof.

It would appear that, except for the examination and reporting duties required by article 1714, the treasurer's duties with respect to any particular check are complete as soon as he has affixed his signature thereto.

As to the treasurer's liability for the fund, article 1709a, section 3(b), V.T.C.S., provides that nothing therein

> shall release any County Treasurer for any loss resulting from any official misconduct or negligence on his part . . . .

In McDonald v. Farmer, 56 S.W. 555 (Tex. Civ. App. 1900, no writ), however, the court held that, where the treasurer has paid a warrant in the discharge of his duty, he ought not to be held liable to the fund out of which it has been paid.  Id. at 557. In our opinion whatever doubts may have existed about the treasurer's duty were dispelled by the district court's order of November 23, 1977.

## SUMMARY

> Except for the examination and reporting duties required by article 1714, V.T.C.S., a county treasurer's duties with respect to any particular check he signs in his official capacity are complete as soon as he has affixed his signature thereto.  Where a county treasurer has affixed his signature to a check upon a valid order of a district court, he will not be liable for doing so.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst