

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

October 23, 1968

Honorable Joe Resweber
County Attorney of Harris
  County
Harris County Courthouse
Houston, Texas 77002

Dear Mr. Resweber:

Opinion No. M- 299

Re: Authority of the County Auditor
to draw and issue checks or
warrants in payment of the
salaries of district, county,
and precinct officers of a
county, and related questions.

The County Clerk of Harris County, Texas has written
you as follows:

"This letter is to request you to obtain
an Attorney General's Opinion from the Attorney
General of Texas on three questions concerning
the pre-emptory and arbitrary usurpation by the
County Auditor of Harris County of part of my
constitutional and statutory authority, duties,
and responsibilities as County Clerk; plus, the
very real possibility of the usurpation of ad-
ditional authority, duties and responsibilities
as the County Auditor's computer complex is in-
creased in size.

"1. To give you the background for my
request I submit the following in-
formation:

"(a) For many years prior to Jan-
uary 1, 1967, district, county and
precinct officers of Harris County,
(of which I am one) operated their
offices in accordance with one or
more statutes enacted by the Texas
Legislature and identified by the
following articles of Vernon's An-
notated Civil Statutes of Texas:
1617; 1643; 1656a; 1940; 1941; 1942;
1943; 1944; 1945; 2344; 2345; 2349;
3912e, Sec. 19(l); 3912e, Sec. 19(m);
3912e-4; 6591; 6593; 6597; 6599; and
6652. Also, relating thereto are:
Op. Atty. Gen., 1948, No. V-711;

Op. Atty. Gen., 1961, No. WW-1107;
Myers vs. Colquitt (Civ.App. 1915)
173 SW 993; Huntress vs. State ex
rel Todd (Civ.App. 1936) 88 SW2d
636; Callaghan, County Judge, v.
Salliway, 23 SW 837.

"(b) In the early part of 1967,
the County Auditor of Harris
County pre-emptorily and arbitra-
rily usurped and took over part
of the statutory duties, preroga-
tives and responsibilities of the
district, county and precinct offi-
cers of Harris County (of which I
am one) by drawing or issuing checks
or warrants for the disbursement of
funds in payment of expenses of the
district, county and precinct offi-
cers, of Harris County, (of which
I am one) when such checks or war-
rants are required, by one or more
of the authorities cited in sub-
paragraph 1(a) above, to be issued
by each district, county or pre-
cinct officer for the payment of
expenses of such officer as authori-
zed by law.

"(c) On January 1, 1968, the
County Auditor of Harris County pre-
emptorily and arbitrarily usurped
and took over an additional part
of the statutory duties, prerogatives
and responsibilities of the district,
county and precinct officers of
Harris County (of which I am one) by
drawing or issuing checks or warrants
in payment of the salaries of the
district, county and precinct officers
of Harris County, (of which I am one)
and of the salaries of the deputies
and employees of such district,
county and precinct officers when such
checks or warrants are required, by
one or more of the authorities cited
in sub-paragraph 1(a) above, to be

issued by each district, county or precinct officer for his deputies and employees. The County Auditor of Harris County has cited, as his authority for his actions, an order passed by the Commissioners' Court of Harris County on December 18, 1967, and recorded in Volume 65, page 427, of the Minutes of the Commissioners' Court, a certified copy of which order is attached to this letter as an exhibit.

"(d) Presently no check or warrant issued or drawn on bank accounts of Harris County has the signature of any issuing officer or issuing official on it. Each check or warrant only has on it the certificate of the County Clerk that the check or warrant has been approved for payment by the Commissioners' Court; the certificate of the County Auditor approving it for payment; and authorization of the County Treasurer for said check or warrant to be paid from a designated bank account of Harris County. See, Op. Atty.Gen., 1942, No. 0-4462; also Op. Atty.Gen., 1945, No. 0-6613.

"(e) The publicly announced long range objectives of the sponsors of the present activity of the County Auditor of Harris County is to have all of the duties of all district, county and precinct officers which can be performed by computers to be performed by the County Auditor's Central Computer Complex. In spite of several public disclaimers by the sponsors that the present computer operations of several county officers, including the County Clerk, are not included in future plans, the actual intent of requiring all district, county and precinct officers to turn their records keeping over to the County Auditor - with

or without statutory authority - is disclosed in the manipulations in the 1968 budget and other "behind-the-scenes" activities of the sponsors.

"(f) The County Clerks of Texas are required by statute and by appellate decisions to record, to index and to keep their records in their offices by one or more of the following:

"(1) Articles 1940, 1941, 1942, 1943, 1944, 1945, 2344, 2345, 6591, 6593, 6597, and 6599, VACS, Texas; and,

"(2) Relating thereto are; Myers v. Colquitt (Civ.App. 1915) 173 SW 993; Vernon's Annotated Rules Civil Procedure Rule 25, 26, and 656; and Probate Code Par. 16 and 17, VACS, Texas.

"(g) The County Clerks of Texas are subject to severe penalties for failure or refusal to properly index, or to properly record, instruments of writing: Art. 6652, VACS, Texas.

"2. Based on the information furnished in sub-paragraphs 1(a) thru 1(g) hereinabove, please obtain an Attorney General's Opinion on the following inquiries:

"(a) Can the district, county and precinct officers (of which I am one) issue checks or warrants for the disbursement of funds in payment of the salaries and other expenses of their respective offices?

"(b) If the answer to the above question is in the affirmative, can the Commissioner's Court direct the County Auditor to issue such checks or warrants and thereby deprive the district, county and precinct officers (of which I am one)

-1450-

of such authority?

"(c)  Can the County Auditor take over
and perform the statutory duties of
the County Clerk relating to the mak-
ing and keeping of records and indexes
by the use of a central computer or
any other means; or should the same
be performed by the County Clerk?"

A.

Article 1656a, Vernon's Civil Statutes, provides,
in part, as follows:

"All of the fees, commissions, funds, and
monies herein referred to shall be turned over
to the County Treasurer by such officer as col-
lected, and such money shall be deposited in
the county depository in a special fund to the
credit of such officer and draw interest for
the benefit of the county, which funds, when
so deposited in such depository, shall be se-
cured by the bond of such depository. There-
after the officer may draw checks on the County
Treasurer to disburse said funds in payment of
salaries and expenses authorized by law or in
payment to the county or to the persons, firms,
or corporations to whom said funds may belong."
(Emphasis added)

Section 19 of Article 3912e, Vernon's Civil Statutes,
like Article 1656a, applies to all counties having a population
in excess of 190,000, and provides, in part, as follows:

"(1)  There shall be created a fund for
each officer affected by the provisions hereof
to be known as the '_____ Salary
Fund of _____ County, Texas' (insert
the title of the officer affected and the name
of the county) and such fund shall be kept sep-
arate and apart from all other county funds
and shall be held and disbursed for the pur-
pose of paying the salary of such officer,
the salaries of his deputies, assistants,
clerks, stenographers, and investigators who
are authorized to draw a salary from said fund
under the provisions of this Section and to pay

-1451-

the authorized and approved expenses of his of-
fice. Such fund shall be deposited in the county
depository and shall be protected to the same
extent, and draw the same interest, as other
county funds. The Commissioners' Court of each
county affected by the provisions of this Sec-
tion, at its first regular meeting in January
of each calendar year, may determine, by order
made and entered in the minutes of said court,
that all fees, costs, compensation, salaries,
etc., provided for in this Section, shall be
paid into and drawn from the general fund of
such county; in which event each reference in
this Section to a salary fund shall be read as
and interpreted to be 'General Fund'.

* * * * *

"(1) Each district, county, and precinct
officer receiving an annual salary as compensa-
tion shall be entitled, subject to the provisions
of this Section, to issue warrants against the
salary fund created for his office in payment of
the services of deputies, assistants, clerks,
stenographers, and investigators, for such
amounts as said employees may be entitled to
receive for services performed under their au-
thorizations of employment. And such officer
shall be entitled to file claims for and issue
warrants in payment of all actual and necessary
expenses incurred by him in the conduct of his
office, such as stationery, stamps, telephone,
traveling expenses, premiums on deputies' bonds
and other necessary expenses. If such expenses
be incurred in connection with any particular
case, such claim shall state such case. All
such claims shall be subject to the audit of
the county auditor; and if it appears that any
item of such expense was not incurred by such
officer, or such item was not a necessary ex-
pense of office, or such claim is incorrect or
unlawful, such item shall be by such auditor
rejected, in which case the correctness, legal-
ity, or necessity of such item may be adjudi-
cated in any Court of competent jurisdiction.
Provided, the Assessor and Collector of Taxes
shall be authorized in like manner annually to

incur and pay for insurance premiums in a reasonable sum for policies to carry insurance against loss of funds by fire, burglary, or theft.

"At the close of each month of the tenure of his office, each officer named herein shall make as a part of the record required by Subsection (o) of this Section an itemized and sworn statement of all expense claims paid during said month. And said report shall give the name, position, and amount paid to each authorized employee of such officer. Such deputies, assistants, clerks, or other employees as well as expenses shall be paid from the Officers' Salary Fund in cases in which the officer is on a salary basis, and from fees earned and collected by such officer in all cases in which the officer is compensated on a basis of fees earned by him.

* * * * *

"(m)  All moneys drawn from said Officers' Salary Fund shall be paid out only on warrants approved by the county auditor. No warrants shall be drawn on said fund in favor of any person indebted to the State, county, or to said fund or in favor of his agent or assignee until such debt is paid, when notice of such indebtedness has been filed with the county auditor. . . ."  (Emphasis added.)

Article 3912e-4, Vernon's Civil Statutes, which applies to counties having a population of more than 500,000, also provides that each district, county and precinct officer shall be entitled to file claims for and issue warrants in payment of all actual and necessary expenses incurred by them in the conduct of their offices.

Article 1656a, as above noted, authorizes the various district, county and precinct officers to "draw checks on the County Treasurer" for the purposes specified; and Article 3912e, 19 (1), as heretofore quoted, authorizes such officers to "issue warrants" for the specified purposes.

Under the foregoing statutes, it is clear that the County Clerk is authorized to "issue" or "draw" county "warrants"

for the payment of the salaries of his deputies and other employees, and for the payment of the actual and necessary expenses authorized by law and incurred by him in the conduct of his office.

## B.

The Supreme Court of Texas in Canales v. Laughlin, 147 Tex. 169, 214 S.W.2d 451, 453 (1948), made the following pertinent holding applicable to the question you have asked:

"The Constitution does not confer on the commissioners courts 'general authority over the county business' and such courts can exercise only such powers as the Constitution itself or the statutes have 'specifically conferred upon them.' . . . While the commissioners courts have a broad discretion in exercising powers expressly conferred on them, nevertheless the legal basis for any action by any such court must be ultimately found in the Constitution or the statutes."

We find no constitutional, statutory or judicial authority which would give the Commissioners Court the power to deprive the County Clerk of the authority to issue warrants for the payment of salaries and expenses (as discussed above) under Articles 1656a, 3912e, and 3912e-4.

However, it should be noted that the Order of the Harris County Commissioners Court (a copy of which was attached to the opinion request) does not direct the County Auditor to issue payroll warrants, but only directs him to "prepare payroll warrants for Harris County and the Harris County Flood Control District." Furthermore, the order does not purport to deprive the County Clerk of his authority under said Articles 1656a and 3912e to issue warrants in payment of the salaries of his deputies. In this connection, your attention is invited to Attorney General Opinion Number C-218 (1964), wherein it was held that the following acts are proper functions of the County Auditor's Office:

"Processing payrolls, printing checks, registers and various reports; cash claims, warrants, registers and reports, budget appropriations, expenditures, encumbrances, controls and reports." (Emphasis added.)

The Order of the Commissioners Court does not deprive the County Clerk of his authority under Articles 1656a and 3912e to issue county warrants in payment of the salaries of his deputies and other employees; and under the above mentioned ruling of the Attorney General, followed by this office, it is proper for the County Auditor's Office to process payrolls and print county warrants and checks. You should also be advised that under the terms of Article 2554, Vernon's Civil Statutes; the warrants must be endorsed by the County Treasurer and countersigned by the County Auditor, as provided in Article 1661, Vernon's Civil Statutes. Attorney General Opinion No. 0-4462 (1942).

C.

Articles 1941, 1942, 1943, 1944, 1945, 2345, 6593, 6597 and 6599, Vernon's Civil Statutes, require the County Clerk to keep certain records and indexes. We find no authorization for the performance of any of these duties of the County Clerk to be undertaken by the County Auditor.

## S U M M A R Y

(1) The County Clerk is authorized by Articles 1565a, 3912e and 3912e-4, Vernon's Civil Statutes, to "issue" county warrants for the payment of the salaries of his deputies and for the payment of the actual and necessary expenses authorized by law and incurred by him in the conduct of his office.

(2) The Commissioners Court cannot deprive the County Clerk of his authority to issue county warrants as mentioned in (1) above, but it would appear proper for the County Auditor to print county warrants and to process payrolls. Also, the warrants must be endorsed by the County Treasurer and countersigned by the County Auditor.

(3) We find no authorization for the performance by the County Auditor of those duties imposed upon the County Clerk by Articles 1940, 1941, 1942, 1943, 1944, 1945, 2344, 2345, 6593, 6597 and 6599, Vernon's Civil Statutes.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

-1455-

Prepared by Jack Sparks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
John Banks
Louis Neumann
Ray McGregor
Jay Floyd

A. J. CARUBBI, JR.
Executive Assistant